JUDGE SCHOFIELD

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| AMERICAN IMMIGRATION COUNCIL; NATIONAL IMMIGRATION PROJECT OF THE NATIONAL LAWYERS GUILD; and AMERICAN CIVIL LIBERTIES UNION, | ) ) ) ) ) | **14 CV    8403** |
| Plaintiffs, | ) ) | |
| v. | ) ) | **No. _____** |
| UNITED STATES DEPARTMENT OF HOMELAND SECURITY; OFFICE FOR CIVIL RIGHTS AND CIVIL LIBERTIES; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; U.S. CITIZENSHIP AND IMMIGRATION SERVICES; and U.S. CUSTOMS AND BORDER PROTECTION, | ) ) ) ) ) ) ) ) | **COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF** |
| Defendants. | ) ) | |

## INTRODUCTION

1.     This action seeks to compel the Department of Homeland Security ("DHS") and its component agencies to disclose documents under the Freedom of Information Act ("FOIA"). The Plaintiffs plan to use those documents to enhance public understanding of recent government policies with respect to the implementation of "expedited removal"—a truncated deportation process—against families with minor children, including those detained by DHS at the Artesia Family Residential Center in New Mexico.

2.     Since the start of 2014, the flow of Central American families seeking refuge in the United States has increased significantly.  Many of these recent migrants are fleeing persecution and extreme danger in their home countries.  In response, in June 2014, DHS opened a makeshift detention facility in Artesia, New Mexico, on the grounds of a federal law

enforcement training facility, to detain women and minor children who recently arrived from Central America.

3.     The detention center is profoundly isolated—over 200 miles away from the closest major metropolitan area.   Pursuant to DHS's policies and procedures, the families detained at Artesia have been denied adequate means of communicating with the outside world; denied information, or provided with insufficient or deficient information, about their rights under the immigration laws; deprived of meaningful access to counsel; and ultimately forced to navigate *pro se* a complex immigration process that is heavily weighted against them.

4.     DHS recently opened another family detention center in Karnes, Texas, and reportedly intends to open an additional family detention center in Dilley, Texas in the near future—which will become the largest immigration detention facility in the nation.

5.     Under the Immigration and Nationality Act ("INA") and its implementing regulations—as well as under the Due Process Clause of the United States Constitution—the women and children detained in Artesia have a right to seek asylum and related relief and to have a fair hearing to present their claims.   However, the process at Artesia falls far short of the government's obligations under existing law.[1]   The government has created a deportation mill at Artesia.   DHS has deported, and routinely continues to deport, mothers and children back to their home countries, where they face serious harm, without giving them a meaningful opportunity to present their claims.   As Secretary of Homeland Security Jeh Johnson has stated: "[O]ur message

---

[1] The Plaintiffs currently are representing a group of women and children detained at Artesia in a lawsuit challenging the government's expedited removal policies under the Immigration and Nationality Act and the Due Process Clause. *See M.S.P.C. et al. v. Johnson et al.*, No. 1:14-cv-01437 (D.D.C., complaint filed Aug. 22, 2014).   The information sought in the instant FOIA request is broader in scope than the claims at issue in *M.S.P.C.* and is intended to inform public deliberation concerning the expedited removal of families.

to this group is simple: we will send you back."[2]  Consistent with this statement, a June 30, 2014 letter from President Obama to Congress called for "an aggressive deterrence strategy focused on the removal and repatriation of recent border crossers."[3]

6.      DHS and its component agencies have released to the public very few directives or memoranda setting forth the policies and procedures governing the expedited removal process as applied to families with minor children, including those detained at Artesia.  For example, the government has withheld from the public memoranda or policy guidance concerning the detention of families with minor children who have been potentially subject to expedited removal since the beginning of 2014.   The government has similarly failed to disclose information concerning the physical characteristics of its detention facilities; the timing and scheduling of credible fear interviews at Artesia; the resources available to individuals in detention to understand their rights in the expedited removal process, access documents, and obtain and communicate with counsel; and access to detained persons by non-government organizations ("NGOs") offering to provide *pro bono* legal assistance.  As a result, the public lacks information needed to develop an informed view of DHS's activities with respect to families subject to expedited removal in general, and at Artesia in particular.

7.      To shed light on DHS's policies, procedures and other guidance regarding the expedited removal process as applied to families and minor children, including those detained at

---

[2] *Hearing on the Review of the President's Emergency Supplemental Request for Unaccompanied Children and Related Matters, Before the S. Comm. on Appropriations* (July 10, 2014) (statement of Jeh Johnson, Sec'y of Homeland Sec. of the United States), *available at* http://www.dhs.gov/news/2014/07/10/statement-secretary-homeland-security-jeh-johnson-senate-committee-appropriations (last visited on Oct. 7, 2014).

[3] *See* Letter to Congress, President Barack H. Obama, Efforts to Address the Humanitarian Situation in the Rio Grande Valley Areas of Our Nation's Southwest Border (June 30, 2014), *available    at*   http://www.whitehouse.gov/the-press-office/2014/06/30/letter-president-efforts-address-humanitarian-situation-rio-grande-valle (last visited on Oct. 7, 2014).

Artesia, on July 29, 2014, the American Immigration Council, the National Immigration Project of the National Lawyers Guild, and the American Civil Liberties Union (collectively, "the Plaintiffs") submitted a FOIA request addressed to DHS as well as its component agencies, Office for Civil Rights and Civil Liberties, U.S. Immigration and Customs Enforcement, U.S. Citizenship and Immigration Services, and U.S. Customs and Border Protection (collectively, "the Defendants"). A copy of that request is attached to the Complaint as Exhibit A.

8.      The Plaintiffs requested that each agency expedite its processing of this request under 5 U.S.C. § 552(a)(6)(E)(v)(II) based upon the urgency to inform the public about this federal government activity—which has potentially life-threatening consequences for the families and children removed and subject to removal, and which is the subject of great public interest—and based upon the status of the Plaintiffs as organizations primarily engaged in disseminating information to the public. Exhibit A at 4-6; 5 U.S.C. § 552(a)(6)(E)(v)(II).

9.      Four of the Defendants (Department of Homeland Security, Office for Civil Rights and Civil Liberties, U.S. Immigration and Customs Enforcement, and U.S. Citizenship and Immigration Services) have denied Plaintiffs' request for expedited processing, and the other Defendant (U.S. Customs and Border Protection) simply has not responded to that request at all, let alone within the statutory time period for a response. Moreover, none of the Defendants has made any determination whether to comply with the Plaintiffs' request for documents—or produced any documents in response to that request—even though the ordinary, non-expedited statutory time period for such a determination expired weeks ago. *See* 5 U.S.C. § 552(a)(6).

10.     The Defendants' denial of the Plaintiffs' request for expedited processing, and the Defendants' failure to make any determination concerning the requested records within the statutory time period, violates FOIA and is impeding the Plaintiffs' efforts to educate the public

about time-critical government activities.   The requested information is of interest to a wide cross-section of the public given the Defendants' increase in the use of family detention centers, including the Artesia facility.   The Plaintiffs therefore bring this action pursuant to FOIA, 5 U.S.C. § 552, for injunctive and declaratory relief to compel the release of agency records improperly being withheld from them by DHS and its component agencies.

## JURISDICTION AND VENUE

11.    This Court has subject matter jurisdiction over this action pursuant to 5 U.S.C. §§ 552(a)(4)(B) and (a)(6)(E)(iii) and 28 U.S.C. § 1331.

12.    Venue properly rests with this Court pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e)(1)(C) because one of the Plaintiffs, the American Civil Liberties Union, has its principal place of business within this District.

13.    The Plaintiffs have exhausted any and all administrative remedies in connection with their FOIA requests, as detailed below.

## PARTIES

### Plaintiffs

### American Immigration Council

14.    Plaintiff American Immigration Council ("Immigration Council") is a nonprofit organization with its principal place of business at 1331 G Street, NW, Suite 200, Washington, DC.   Founded in 1987, the Immigration Council is primarily engaged in disseminating information to the public.   Its mission is to increase public understanding of immigration law and policy, advocate for the just and fair administration of our immigration laws, educate the public about the enduring contributions of America's immigrants, and protect the legal rights of noncitizens.

5

15.   The Immigration Council's blog, http://ImmigrationImpact.com, is one of the premier sites for daily information and analysis on immigration-related developments at the federal, state, and local level.   The Immigration Council provides robust analysis of current topics in immigration through fact sheets, special reports, and opinion essays.   Its guides to current topics in immigration law—such as major legislation, legal cases, or current events—are widely read and cited.   Through statements, press releases, editorials, and other public outreach, as well as its many publications, the Immigration Council provides policymakers, the media, and advocates vital information that informs the public debate on immigration.

16.   The Immigration Council's legal department undertakes administrative advocacy, impact litigation, and education to ensure that immigration law is interpreted and implemented in a manner that is sensible and humane.   It frequently pursues FOIA requests, including through litigation where necessary, to promote greater transparency by the immigration agencies.   It also publicly disseminates practice advisories concerning key issues in immigration law through its website.

**National Immigration Project of the National Lawyers Guild**

17.   Plaintiff National Immigration Project of the National Lawyers Guild ("National Immigration Project") is a nonprofit membership organization with its principal place of business at 14 Beacon Street, Suite 602, Boston, Massachusetts.   Members and supporters of the National Immigration Project include attorneys, legal workers, law students, judges, jailhouse lawyers, grassroots advocates, community organizations, and others seeking to defend and expand the rights of immigrants in the United States.   For over 40 years, the National Immigration Project has been promoting justice and equality of treatment in all areas of immigration law, the criminal justice system, and social policies related to immigration.

18.     The National Immigration Project is primarily engaged in disseminating information to the public.  The National Immigration Project is the author of four treatises on immigration law published by Thomson Reuters.  The staff of the National Immigration Project provide technical and litigation assistance, participate in impact litigation, advocate for fair and just policies and legislation, provide legal training to the bar and the bench, and regularly publish practice advisories and community resources on immigration law topics, which are disseminated to its members as well as to a large public audience through its website, www.nationalimmigrationproject.org.

**American Civil Liberties Union**

19.     Plaintiff American Civil Liberties Union ("ACLU") is a nonprofit organization with its principal place of business at 125 Broad Street, 18th Floor, New York, New York.  The ACLU is a nationwide, nonpartisan organization with over 500,000 members dedicated to the constitutional principles of liberty and equality.  The ACLU is committed to holding the United States government accountable to principles of due process and the requirements of the U.S. Constitution.

20.     The ACLU Foundation Immigrants' Rights Project is a project of the ACLU that was established in 1987 to expand and enforce the civil rights and civil liberties of noncitizens and to combat discrimination against immigrants.  The ACLU seeks to improve the quality of justice for all noncitizens and therefore has a keen interest in the just administration of the nation's immigration laws.

21.     The ACLU is primarily engaged in disseminating information to the public.  The ACLU publishes newsletters, provides news briefings, and publishes and disseminates reports on civil liberties issues, right-to-know documents, and other materials to the public through its

7

communications department and its 53 state-based affiliates. Its material is widely available to everyone, including tax-exempt organizations, not-for-profit groups, and law students and faculty, for no cost or for a nominal fee through its public education department. The ACLU also disseminates information through a public website (at http://www.aclu.org). Among other civil liberties and civil rights issues, this website addresses immigrants' rights issues in depth (at http://www.aclu.org/immigrants), provides features on immigrants' rights issues in the news, and contains hundreds of documents relating to the ACLU's work. The website specifically features information obtained through FOIA requests.[4]   The ACLU also publishes an electronic newsletter distributed to subscribers via email; airs regular podcasts; maintains a blog known as the Blog of Rights (at http://blog.aclu.org); releases information via social media platforms such as Facebook and Twitter; and has produced a television series on civil liberties issues entitled *The Freedom Files.*

**Defendants**

22.     Defendant DHS is a department of the executive branch of the United States government and is an agency within the meaning of 5 U.S.C. § 552(f). DHS is responsible for administering and enforcing federal immigration laws. Upon information and belief, DHS has possession and control over records requested by the Plaintiffs.

23.     Defendant Office for Civil Rights and Civil Liberties ("CRCL") is a component of DHS and is an agency within the meaning of 5 U.S.C. § 552(f). Among other duties, CRCL is responsible for promoting respect for civil rights and civil liberties in policy creation and

---

[4]   *See, e.g.,* https://www.aclu.org/immigrants-rights/secret-immigration-enforcement-memo-exposed; https://www.aclu.org/immigrants-rights/dhs-continues-state-and-local-immigration-enforcement-program-without-meaningful-c; https://www.aclu.org/national-security-technology-and-liberty/executive-order-12333-foia-lawsuit; https://www.aclu.org/blog/national-security/five-takeaways-newly-released-drone-memo.

implementation within DHS and advising DHS leadership and personnel on these issues. Upon information and belief, CRCL has possession and control over records requested by the Plaintiffs.

24.     Defendant U.S. Citizenship and Immigration Services ("USCIS") is a component of DHS and is an agency within the meaning of 5 U.S.C. § 552(f). Among other duties, USCIS, through its asylum officers, conducts interviews of certain individuals placed in expedited removal to determine whether they have a credible fear of persecution and should be permitted to apply for asylum. Upon information and belief, USCIS has possession and control over records requested by the Plaintiffs.

25.     Defendant U.S. Immigration and Customs Enforcement ("ICE") is a component of DHS and is an agency within the meaning of 5 U.S.C. § 552(f). Among other duties, ICE operates and oversees the detention of noncitizens held in custody during the expedited removal process and executes the removal of noncitizens. Upon information and belief, ICE has possession and control over records requested by the Plaintiffs.

26.     Defendant U.S. Customs and Border Protection ("CBP") is a component of DHS and is an agency within the meaning of 5 U.S.C. § 552(f). Among other duties, CBP screens, processes and temporarily detains noncitizens who are apprehended near the border and placed in expedited removal proceedings. Upon information and belief, CBP has possession and control over records requested by the Plaintiffs.

## STATEMENT OF FACTS

**A.**   **DHS's Policies, Procedures, and Practices at the Artesia Facility Are a Subject of Intense Public Interest and Concern.**

27.   In June 2014, DHS opened a detention facility in Artesia, New Mexico, to detain Central American women and minor children who were potentially subject to expedited removal from the United States.

28.   The policies, procedures and practices related to the implementation of the expedited removal process in Artesia have generated intense public interest and concern in recent months, and have been reported widely in the news media.[5]   Indeed, a search of the Lexis "All English Language News" database for the words "Artesia" and either "immigrant" or "refugee" since June 2014 resulted in more than 700 unique hits.   A number of Members of Congress have also visited the Artesia facility, and still others have written to DHS Secretary Johnson to express their concern regarding the government's treatment of women and children subject to expedited removal.[6]

---

[5] *See, e.g.*, Julia Preston, *As U.S. Speeds the Path to Deportation, Distress Fills New Family Detention Centers*, New York Times, Aug. 5, 2014, *available at* http://www.nytimes.com/2014/08/06/us/seeking-to-stop-migrants-from-risking-trip-us-speeds-the-path-to-deportation-for-families.html?_r=0 (last visited Oct. 7, 2014); Melissa del Bosque, *At New Detention Facility It's 'Hurry Up and Deport' Central Americans*, Texas Observer, July 23, 2014, *available at* http://www.texasobserver.org/new-facility-hurry-deport-central-americans/ (last visited Oct. 7, 2014); Hannah Rappleye and Lisa Riordan Seville, *Flood of Immigrant Families at Border Revives Dormant Detention Program*, NBC News, July 25, 2014, *available at* http://www.nbcnews.com/storyline/immigration-border-crisis/flood-immigrant-families-border-revives-dormant-detention-program-n164461 (last visited Oct. 7, 2014); Diana Washington Valdez, *Lawyer: ICE facility in Artesia, N.M., like Guantanamo*, El Paso Times, Aug. 15, 2014, *available at* http://www.elpasotimes.com/latestnews/ci_26342591/lawyer-ice-facility-artesia-n-m-like-guantanamo (last visited Oct. 7, 2014).

[6] *See, e.g.*, Letter from Senator Patrick Leahy et al. to Secretary Jeh Johnson, Oct. 16, 2014, *available at* http://www.leahy.senate.gov/download/101614-to-johnson-re-dilley-detention-center; Juan Carlos Llorca, *DHS secretary visits Artesia, N.M., facility; Warns immigrants 'we will send you back,'* El Paso Times, July 11, 2014 (reporting visit by Senator Martin Heinrich of New Mexico), *available at* http://www.elpasotimes.com/latestnews/ci_26128803/dhs-secretary-

29.     Media reports about expedited removal processing in Artesia also have raised

serious due process concerns.[7]  In particular, many news articles have focused on whether the

women and children detained at Artesia are receiving the process required by law.[8]  To the extent

that many of these women and children may have valid claims to asylum, their wrongful or

illegal removal could result in their deaths or serious physical injury.  Indeed, to date, DHS

---

visit-artesia-nm-migrant-detention-center (last visited Oct. 7, 2014); Rick Nathanson, *Artesia divided on detainees*, Albuquerque Journal, July 4, 2014 (reporting visit by Senator Tom Udall of New Mexico), *available at* http://www.abqjournal.com/425025/news/artesia-divided-on-detainees.html (last visited Oct. 7, 2014); Assoc. Press, *NM congresswoman: Immigrants not getting legal rep*, Washington Times, July 18, 2014 (reporting visit of Rep. Michelle Lujan Grisham), *available at* http://www.washingtontimes.com/news/2014/jul/18/nm-congresswoman-immigrants-not-getting-legal-rep/ (last visited Oct. 7, 2014).

[7] *See, e.g.*, Hannah Rappleye and Lisa Riordan Seville, *Flood of Immigrant Families at Border Revives Dormant Detention Program*, NBC News, July 25, 2014, *available at* http://www.nbcnews.com/storyline/immigration-border-crisis/flood-immigrant-families-border-revives-dormant-detention-program-n164461 (last visited Oct. 7, 2014); Michael Oleaga, *Immigrants' Rights Groups Discuss Conditions of Detained Mothers and Children at Artesia Family Detention Center*, Latin News, July 24, 2014, *available at* http://www.latinpost.com/articles/17895/20140724/immigrants-rights-groups-artesia-family-detention-center.htm (last visited Oct. 7, 2014); Benjamin Goad, *Groups Cite "Horrific" Conditions at Immigrant Detention Center*, The Hill, July 24, 2014, *available at* http://thehill.com/regulation/administration/213264-groups-cite-horrific-conditions-for-immigrant-detainees (last visited Oct. 7, 2014); Cindy Carcamo, *Child's Detention Despite Citizenship Reveals Immigration Case Woes*, Los Angeles Times, Aug. 14, 2014, *available at* http://www.latimes.com/world/mexico-americas/la-na-citizen-detained-20140815-story.html (lasted visited Oct. 7, 2014); *New Family Detention Centers Hold Immigrant Women and Children Without Bond as Asylum Claims Pend*, Democracy Now, Aug. 14, 2014, *available at* http://www.democracynow.org/2014/8/14/new_family_detention_centers_hold_immigrant (last visited Oct. 7, 2014).

[8] *See, e.g.*, David McCumber and Susan Carroll, *Immigrant Detention Centers Decried by Advocates as 'Deportation Factories,'* Houston Chronicle, Aug. 13, 2014, *available at* http://www.houstonchronicle.com/news/article/Immigrant-detention-centers-decried-by-critics-as-5684471.php (last visited Oct. 7, 2014); Melissa del Bosque, *At New Detention Facility It's 'Hurry Up and Deport' Central Americans*, The Texas Observer, July 23, 2014, *available at* http://www.texasobserver.org/new-facility-hurry-deport-central-americans/ (last visited Oct. 7, 2014); Jason Buch, *Advocates Say Deportation May Disrupt Due Process*, Houston Chronicle, July 19, 2014, *available at* http://www.houstonchronicle.com/news/houston-texas/houston/article/jbuch-express-news-netTwitter-jlbuch-5633398.php (last visited Oct. 7, 2014).

already has deported at least 306 women and children from Artesia to the countries from which

they had fled.[9]  Thus, there is an imminent threat to the lives or physical safety of the women and

children who are currently detained at Artesia.

30.    As noted above, DHS recently opened another family detention center in Karnes,

Texas, and reportedly intends to open an additional family detention center in Dilley, Texas in

the near future—which will become the largest immigration detention facility in the nation.[10]

**B.    The Plaintiffs' FOIA Request.**

31.    Despite the high level of public interest and concern regarding DHS's practices,

policies, and procedures at the Artesia facility, DHS has publicly released very few memoranda

or guidance documents concerning the facility and the manner in which expedited removal is

applied to families with minor children at Artesia and at other new family detention centers that

DHS has established or is establishing in Texas.  *See supra* at ¶ 6.

32.    To obtain these documents of significant public interest, on July 29, 2014, the

Plaintiffs submitted an identical FOIA request to each of the Defendants, for any agency records

that the Defendants prepared, received, transmitted, collected or maintained "that contain,

discuss, refer, or relate to policies, regulations, practices, procedures, recommendations, and

guidelines with respect to the implementation of INA § 235(b) [8 U.S.C. § 1225(b)] ('expedited

removal') since June 1, 2014."  *See* Exhibit A.

---

[9] Melinda Henneberger, *When an Immigration Detention Center Comes to a Small Town*, Washington        Post,        Oct.        1,        2014,        *available        at* http://www.washingtonpost.com/news/storyline/wp/2014/10/01/when-an-immigration-detention-center-comes-to-a-small-town/ (last visited Oct. 7, 2014); *see also* Cindy Carcamo, *Nearly 300 women, children deported from immigration detention centers*, L.A. Times, Aug. 21, 2014, *available    at*    http://www.latimes.com/nation/nationnow/la-na-nn-ff-new-mexico-immigration-deportation-20140821-story.html (last visited Oct. 7, 2014).

[10] *See* Letter from Senator Patrick Leahy to Secretary Jeh Johnson, Oct. 16, 2014, *available at* http://www.leahy.senate.gov/download/101614-to-johnson-re-dilley-detention-center.

**Specific Documents Requested**

33.    The request specified that "[s]uch records shall include, but are not limited to, all

policies, regulations, practices, procedures, recommendations and guidelines that address:

- "When to apply INA § 235(b) and related regulations to families with minor children.

- "Application of 8 C.F.R. § 235.3(b)(2) to families with minor children.

- "Detention of families with minor children who are potentially subject to expedited removal.

- "When ICE or CBP officers must refer individuals for credible fear interviews, including individuals apprehended and/or detained by DHS in Artesia, New Mexico.

- "Whether individuals apprehended and/or detained by DHS in Artesia, New Mexico, will have credible fear interviews.

- "Resources that are available or needed to conduct expedited removal, including the credible fear interviews, for individuals apprehended and/or detained in Artesia, New Mexico, including the extent and configuration of physical space, communications resources, child care, interpretation, training, and staff.

- "Procedures for conducting credible fear interviews for individuals apprehended and/or detained by DHS in Artesia, New Mexico.

- "Timing and/or scheduling of credible fear interviews for individuals apprehended and/or detained by DHS in Artesia, New Mexico.

- "Standards applicable in credible fear determinations, including with respect to individuals apprehended and/or detained by DHS in Artesia, New Mexico.

- "Creation of a written or videotaped record during the expedited removal process, including the credible fear process, including with respect to individuals apprehended and/or detained by DHS in Artesia, New Mexico.

- "The review process for credible fear determinations for individuals apprehended and/or detained by DHS in Artesia, New Mexico, including

submission of the case to the Executive Office for Immigration Review and/or notice of a hearing before an immigration judge.

- "Access to counsel, including advising individuals of their right to counsel, during the expedited removal process, including during the credible fear interview, including with respect to individuals apprehended and/or detained by DHS in Artesia, New Mexico.

- "Access to interpreters during the expedited removal process, including with respect to individuals apprehended and/or detained by DHS in Artesia, New Mexico.

- "Access to interpreters for other purposes for individuals apprehended and/or detained by DHS in Artesia, New Mexico.

- "Public, media, and/or NGO access to the facility in Artesia, New Mexico at which DHS is detaining families with minor children, and to proceedings (including credible fear review proceedings and removal proceedings) at the facility.

- "Access to individuals detained in Artesia, New Mexico, including access to counsel, procedures to receive and/or send mail, access to phones and other communications equipment, and/or access to medical attention.

- "Issuance of expedited removal orders (I-860) to individuals apprehended and/or detained in Artesia, New Mexico.

- "The physical removal of individuals detained in Artesia, New Mexico, including any processes or procedures leading to their removal.

- "Handbooks, rules, manuals, or other written documents (excluding those that pertain specifically to an individual's case) provided to individuals detained in Artesia, New Mexico or to staff at the detention center."

Exhibit A at 2-4.

### **Request for Expedited Processing**

34.     In addition to making their FOIA request, the Plaintiffs also requested that each

Defendant expedite processing of their request.  *See* Exhibit A at 4.  Pursuant to 5 U.S.C.

§ 552(a)(6)(E), agencies shall provide expedited processing of records where "the person

requesting the records demonstrates a compelling need."  5 U.S.C. § 552(a)(6)(E)(i)(I).  A

compelling need exists when there is, "with respect to a request made by a person primarily engaged in disseminating information, urgency to inform the public concerning actual or alleged Federal Government activity." 5 U.S.C. § 552(a)(6)(E)(v).[11]

35.     The Plaintiffs are organizations that are "primarily engaged in disseminating information," *see* 5 U.S.C. § 552(a)(6)(E)(v)(II), as described above, *see supra* at ¶¶ 14-21.

36.     Expedited processing of this FOIA request is justified because it concerns federal government activity about which there is urgency to inform the public, and thus a "compelling need," 5 U.S.C. § 552(a)(6)(E).  Release of the requested information will help to inform the public about the policies and procedures that the government is applying to mothers and children who are seeking refuge in the United States as a result of persecution in their home countries, and about DHS's decision to significantly increase the use of family detention for women and children apprehended while entering the United States.

37.     Release of these documents also will contribute to a time-sensitive public discussion regarding whether DHS's policies are sensible, lawful, fair, and humane.  That public discussion is urgent for several reasons.

38.     First, DHS continues to detain women and children without bond and to deport them to their countries of origin despite the possibility that they will face persecution and serious harm or death upon their return.  These government activities have attracted significant public attention and concern. *See supra* at ¶¶ 28-29.

---

[11] The Plaintiffs filed a FOIA request seeking similar records related to the implementation of expedited removal at Artesia that are maintained by the Department of Justice's Executive Office for Immigration Review.  Concluding that the subject of the request concerns a "matter of widespread and exceptional media interest," the Department of Justice granted expedited processing.  *See* Exhibit O.

39. <u>Second</u>, DHS is in the process of establishing additional family detention facilities, located in Texas. *See supra* at ¶ 30. The public needs the information sought in this request to evaluate existing family detention facilities and the application of expedited removal procedures in those facilities and to formulate an educated opinion as to whether family detention is appropriate at all, and, to the extent that family detention does continue to exist, what policies and procedures should apply.

40. <u>Third</u>, attorneys and other service providers need to understand the relevant policies, procedures, and practices to serve the women and children detained in Artesia more effectively and to decide whether and how to act swiftly to challenge those ongoing policies, procedures, and practices through advocacy, public education, or litigation.

**Request for a Fee Waiver**

41. The Plaintiffs additionally requested a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(iii). Under that provision, a requesting party is entitled to a fee waiver when "disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." *Id.*

42. As discussed *supra* at ¶¶ 36-40, the disclosed records will educate the public—including but not limited to attorneys and other advocates who seek to represent or otherwise assist women and children detained in Artesia—about DHS's policies and procedures regarding families subject to the expedited removal process. The documents will also inform the public debate on the government's response to the increased apprehension of women and children in recent months and the significant expansion of the use of family detention centers.

43.     The Plaintiffs have the capacity and intent to disseminate widely the requested information to the public.  All of the Plaintiffs intend to post the information obtained through this FOIA request on their publicly accessible websites.  The Plaintiffs' websites collectively receive millions of page views per year.  The Plaintiffs also intend to publish a summary of the information received and to disseminate that summary to the public through their websites.  Finally, the Plaintiffs have regular contact with national print and news media and intend to share information gleaned from the FOIA disclosures with interested media.

44.     The Plaintiffs do not seek the requested information for commercial gain, but rather for the purpose of educating interested members of the public and raising awareness of DHS's treatment of detained mothers and children at Artesia.

**C.      Defendants' Responses to Plaintiffs' Request.**

45.     Pursuant to 5 U.S.C. § 552(a)(6)(E)(ii), each Defendant was required to make a determination on a request for expedited processing within 10 days of receiving the Plaintiffs' request, and each was required to ensure "expeditious consideration" of appeals of such determinations.

46.     Pursuant to 5 U.S.C. § 552(a)(6)(A), each Defendant was required to determine whether to comply with the Plaintiffs' request within 20 working days after receiving the Plaintiffs' request and to notify the Plaintiffs concerning such determination.  Pursuant to 5 U.S.C. § 552(a)(6)(B), each Defendant could extend the time for making such a determination by up to ten working days upon making a finding that "unusual circumstances" existed under the statute.

**DHS's Response**

47.     In a letter dated August 8, 2014, Defendant DHS acknowledged having received Plaintiffs' FOIA request on July 30, 2014.  The letter response of DHS to the Plaintiffs' request is attached hereto as Exhibit B.

48.     In its response, DHS stated that it would use the additional ten days provided for "unusual circumstances" to process the Plaintiffs' request.  Accordingly, DHS was required to make a determination on the Plaintiffs' request for documents by September 9, 2014, which was 30 working days after July 30, 2014.  As of the date of the filing of this Complaint, however, DHS has not notified the Plaintiffs of any determination on the Plaintiffs' request for documents.

49.     In its August 8, 2014 letter, DHS also denied the Plaintiffs' request for expedited processing.  *See* Exhibit B.  The Plaintiffs filed an administrative appeal on August 21, 2014. Plaintiffs' administrative appeal is attached hereto as Exhibit C.  In a letter dated September 29, 2014, DHS denied the administrative appeal.  That letter response is attached hereto as Exhibit D.

50.     In its August 8, 2014 letter, DHS "conditionally granted" the Plaintiffs' fee waiver request.  *See* Exhibit B.

51.     The Plaintiffs sent a follow up letter to DHS on September 5, 2014, reminding DHS of its obligation to make a determination on Plaintiffs' request and appealing DHS's non-response.  That letter is attached hereto as Exhibit E.

52.     On October 20, 2014, DHS responded to the Plaintiffs' September 5, 2014, letter, treating that letter as an administrative appeal of its non-response to the Plaintiffs' request.  DHS indicated that the Plaintiffs were not required to file the appeal to have exhausted their administrative remedies.  DHS noted that a tracking number had been assigned to the FOIA

request, but did not dispute that DHS had not yet made any determination regarding that request. DHS additionally reaffirmed its August 8, 2014, denial of the Plaintiffs' request for expedited processing, *see supra* at ¶ 49. That letter is attached hereto as Exhibit F.

**CRCL's Response**

53.   Following up on their initial July 29, 2014 request, the Plaintiffs sent a follow up letter to CRCL on September 5, 2014, reminding CRCL of its obligation to make a determination on the Plaintiffs' request and appealing CRCL's non-response. That letter is attached hereto as Exhibit E.

54.   In a letter dated September 11, 2014, Defendant CRCL acknowledged having received the Plaintiffs' FOIA request on July 30, 2014. The letter response of CRCL to the Plaintiffs' request is attached hereto as Exhibit G.

55.   CRCL did not invoke the additional ten days provided for "unusual circumstances." Accordingly, CRCL was required to make a determination on the Plaintiffs' request for documents by August 27, 2014, which was 20 working days after July 30, 2014. However, as of the date of the filing of this Complaint, CRCL has not made any determination on the Plaintiffs' request for documents. On October 20, 2014, DHS responded to the Plaintiffs' September 5, 2014, letter on behalf of CRCL, treating that letter as an administrative appeal of CRCL's non-response to the Plaintiffs' request. DHS indicated that the Plaintiffs were not required to file the appeal to have exhausted their administrative remedies. DHS noted that CRCL had assigned a tracking number to the Plaintiffs' FOIA request, but did not dispute that CRCL had not yet made any determination regarding that request. DHS additionally adopted by reference its August 8, 2014, denial of the Plaintiffs' request for expedited processing (*see supra* at ¶ 49). *See* Exhibit F.

**USCIS's Response**

56.     In a letter dated August 11, 2014, Defendant USCIS acknowledged receipt of the Plaintiffs' July 31, 2014 request and granted the Plaintiffs' request for a fee waiver.  In the same letter, USCIS invoked the additional ten days for "unusual circumstances." The letter did not make any determination regarding the Plaintiffs' request for expedited processing.  The letter response of USCIS to the Plaintiffs' request is attached hereto as Exhibit H.

57.     Accordingly, USCIS was required to make a determination on the Plaintiffs' request for documents by September 23, 2014 at the latest, which was 30 working days after August 11, 2014.  However, as of the date of the filing of this Complaint, USCIS has not notified the Plaintiffs of any determination on the Plaintiffs' request for documents.

58.     On September 5, 2014, the Plaintiffs sent a letter to USCIS reminding USCIS of its obligation to make a determination on the Plaintiffs' request for documents and its request for expedited processing.  *See* Exhibit E.

59.     On September 18, 2014, USCIS responded in a letter that treated the Plaintiffs' September 5, 2014 letter as an administrative appeal of the agency's constructive denial of the request for expedited processing.  A copy of that letter is attached hereto as Exhibit I.  USCIS affirmed its denial of expedited processing.  In reaching its decision, USCIS considered whether only one of the three Plaintiffs, ACLU, was an organization primarily engaged in the dissemination of information to the public.  Its decision as to the ACLU did not account for all of the public education activities described above in Paragraph 21, and USCIS did not address at all whether either of the other two Plaintiffs are primarily engaged in the dissemination of information to the public, *see supra* at ¶¶ 14-18.

**ICE's Response**

60.    In a letter dated August 8, 2014, Defendant ICE acknowledged having received the Plaintiffs' FOIA request on August 8, 2014.  ICE also denied the Plaintiffs' request for expedited processing and granted a conditional fee waiver.  The letter response of ICE to the Plaintiffs' request is attached hereto as Exhibit J.

61.    ICE invoked the additional ten days for "unusual circumstances."  Accordingly, ICE was required to make a determination on the Plaintiffs' request at the latest by September 22, 2014, which was 30 working days after August 8, 2014.  However, as of the date of the filing of this Complaint, ICE has not notified the Plaintiffs of any determination on the Plaintiffs' request for documents.

62.    The Plaintiffs sent a follow up letter to ICE on September 5, 2014, reminding ICE of its obligation to make a determination on the Plaintiffs' request and appealing ICE's constructive denial of the request. *See* Exhibit E.

63.    On September 19, 2014, the Plaintiffs filed an administrative appeal of ICE's denial of expedited processing. The appeal is attached hereto as Exhibit K.

64.    On October 7, 2014, ICE issued a ruling concerning the Plaintiffs' appeal of its non-response and denial of expedited processing.  ICE ruled that the Plaintiffs were not entitled to expedited processing because there was no urgency to inform the public about the subject matter of the Plaintiffs' request, beyond the public's interest in knowing about federal government activity generally.  With respect to ICE's constructive denial of the FOIA request, ICE indicated merely that it was processing the request.  It did not dispute that ICE had not yet made any determination regarding that request.  ICE's ruling is attached hereto as Exhibit L.

21

**CBP's Response**

65.     In an email dated July 29, 2014, Defendant CBP acknowledged the submission of Plaintiffs' FOIA request on July 29, 2014.  The email response of CBP to the Plaintiffs' request is attached hereto as Exhibit M.

66.     Accordingly, CBP was required to make a determination on the Plaintiffs' request for documents by August 26, 2014, which was 20 working days after July 29, 2014.  However, as of the date of the filing of this Complaint, CBP has not notified the Plaintiffs of any determination on the Plaintiffs' request for documents.

67.     CBP was required to make a determination on the Plaintiffs' request for expedited processing by August 8, 2014.  However, as  of the date of the filing of this Complaint, CBP has not notified the Plaintiffs of any determination on the Plaintiffs' request for expedited processing.

68.     CBP has not notified the Plaintiffs of any determination on the Plaintiffs' request for a fee waiver.

69.     On September 5, 2014, the Plaintiffs sent a letter to CBP reminding CBP of its request for documents and the agency's obligation to make a determination concerning that request.  *See* Exhibit E.  However, as of the date of the filing of this Complaint, CBP has not responded to that letter.

70.     The only correspondence received from CBP since the Plaintiffs' request was filed was an email sent by CBP on October 2, 2014, indicating that the tracking number for the Plaintiffs' request had changed.  That email is attached hereto as Exhibit N.

**COUNT ONE**
**Violation of the Freedom of Information Act for**
**Denial of FOIA Request**
**(Defendants DHS, ICE, CBP, USCIS, and CRCL)**

71.     The Plaintiffs repeat, allege, and incorporate the allegations in Paragraphs 1-70 as if fully set forth herein.

72.     On July 29, 2014, the Plaintiffs made a request under FOIA to each of the Defendants for responsive records.

73.     The Defendants were obligated under 5 U.S.C. § 552(a)(3) to conduct a reasonable search for records responsive to the FOIA request and to issue a determination concerning that request within the time period set forth in 5 U.S.C. § 552(a)(6)—20 working days, to be extended by no more than 10 working days in the event that the agency finds the existence of "unusual circumstances."

74.     The Defendants did not conduct a reasonable search within the statutory time period, nor does any legal basis exist for the Defendants' failure to search for these records and make a determination concerning the Plaintiffs' request within the statutory time period.

75.     The Defendants' failure to conduct a reasonable search for records responsive to the FOIA request, to make a determination concerning the Plaintiffs' request, and to disclose responsive records violates 5 U.S.C. §§ 552(a)(3)(A), (a)(3)(B), (a)(3)(C), and (a)(6)(A), as well as the regulations promulgated thereunder.

76.     The Defendants' failure to make a determination concerning the Plaintiffs' request for documents within the statutory time period constitutes a constructive denial of the Plaintiffs' request, and the Plaintiffs are deemed to have exhausted their administrative remedies with respect to each Defendant. *See* 5 U.S.C. § 552(a)(6)(C)(i).

23

77.   The interests of the Plaintiffs and of the public in the requested records, as detailed above in Paragraphs 14-21, 27-30, and 36-40, are irreparably harmed by Defendants' failure to search for and disclose responsive records.  That harm outweighs any burden placed on Defendants, which is a burden that Congress chose to impose by enacting a statute with time limits for agency action.

**COUNT TWO**
**Violation of the Freedom of Information Act**
**for Denial of the Plaintiffs' Request for Expedited Processing**
**(Defendants DHS, ICE, CBP, USCIS, and CRCL)**

78.   The Plaintiffs repeat, allege, and incorporate the allegations in Paragraphs 1-70 as if fully set forth herein.

79.   Under 5 U.S.C. § 552(a)(6)(E)(ii), each Defendant was required to make a determination on the Plaintiffs' request for expedited processing within 10 days of receiving the request and must ensure "expeditious consideration" of appeals of such determinations.

80.   Four of the Defendants, DHS, CRCL, ICE, and USCIS, denied the Plaintiffs' request for expedited processing.  Upon the Plaintiffs' administrative appeals, DHS, CRCL, ICE, and USCIS affirmed those denials.  By administratively appealing the adverse decisions on expedited processing by DHS, CRCL, ICE, and USCIS, the Plaintiffs have exhausted their administrative remedies with respect to those agencies.

81.   One of the Defendants, CBP, has provided no response to the Plaintiffs' request for expedited processing.  Accordingly, CBP is deemed to have constructively denied the Plaintiffs' request, and the Plaintiffs have exhausted their administrative remedies with respect to CBP.  *See* 5 U.S.C. § 552(a)(6)(E)(iii).

82.   The Plaintiffs are entitled to expedited processing because they are "primarily engaged in disseminating information," as described in Paragraphs 14-21 above, and there is

"urgency to inform the public concerning actual or alleged Federal Government activity," 5 U.S.C. § 552(a)(6)(E)(v), as described in Paragraphs 36-39 above.

83.     The denial by Defendants DHS, ICE, USCIS, CBP, and CRCL of the Plaintiffs' request for expedited processing violates 5 U.S.C. § 552(a)(6)(E).

84.     The interests of the Plaintiffs and the public in the expeditious processing of the requested records are irreparably harmed by the Defendants' denial of expedited processing. That harm outweighs any burden placed on the Defendants in expeditiously processing the Plaintiffs' request, which is a burden that Congress chose to impose.

### COUNT THREE
### Violation of the Freedom of Information Act
### for Denial of Plaintiffs' Request for Fee Waiver
### (Defendant CBP)

85.     The Plaintiffs repeat, allege, and incorporate the allegations in Paragraphs 1-70 as if fully set forth herein.

86.     The Plaintiffs are entitled to a fee waiver.  As discussed in Paragraphs 36-43 above, "disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii)

87.     The failure to respond to the Plaintiffs' fee waiver request by Defendant CBP is a constructive denial of that request that violates 5 U.S.C. § 552(a)(4)(A)(iii) and the regulations promulgated thereunder.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs respectfully request that this Court enter a judgment:

a.      Declaring that the Defendants' failure to conduct a reasonable and timely search for records responsive to the FOIA request and their refusal to disclose such records violates the FOIA;

b.      Declaring that the Defendants' denial of expedited processing of the Plaintiffs' FOIA request violates the FOIA;

c.      Declaring that the Defendant CBP's denial of a fee waiver violates the FOIA;

d.      Ordering the Defendants to conduct a reasonable search for records responsive to the FOIA request on an expedited processing schedule and to produce such records to the Plaintiffs;

e.      Enjoining the Defendants from withholding records responsive to the FOIA request and ordering them to promptly produce the same;

f.      Ordering the Defendant CBP to grant the Plaintiffs a public interest fee waiver;

g.      Awarding the Plaintiffs reasonable attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E) and 28 U.S.C. § 2412; and

h.      Granting all other such relief to the Plaintiffs as the Court deems just and proper.

Dated: New York, New York

October 21, 2014                                    Respectfully submitted,

Omar C. Jadwat (OJ5792)                      Michael W. Ross (MR4490)
American Civil Liberties Union               JENNER & BLOCK LLP
Foundation, Immigrants' Rights Project       919 Third Avenue
125 Broad Street, 18th floor                 New York, NY 10022
New York, NY 10004                           Tel: (212) 891-1600
Tel: (212) 549-2600                          Fax: (212) 909-0821
Fax: (212) 549-2654                          mross@jenner.com
ojadwat@aclu.org

Jennifer Chang Newell (*pro hac vice* forthcoming)    Matthew E. Price (*pro hac vice* forthcoming)
American Civil Liberties Union               JENNER & BLOCK LLP
Immigrants' Rights Project                   1099 New York Avenue, NW
39 Drumm Street                              Suite 900
San Francisco, CA 94111                      Washington, DC 20001-4412
Tel: (415) 343-0774                          Tel: (202) 639-6089
Fax: (415) 395-0950                          Fax: (202) 661-4920
jnewell@aclu.org                             mprice@jenner.com

Karen C. Tumlin (*pro hac vice* forthcoming)    Melissa Crow (*pro hac vice* forthcoming)
tumlin@nilc.org                              MCrow@immcouncil.org
Melissa S. Keaney (*pro hac vice* forthcoming)    Beth Werlin (*pro hac vice* forthcoming)
keaney@nilc.org                              BWerlin@immcouncil.org
Alvaro M. Huerta (*pro hac vice* forthcoming)    American Immigration Council
huerta@nilc.org                              1331 G St. N.W., Suite 200
National Immigration Law Center              Washington, D.C., 20005
3435 Wilshire Boulevard, Suite 2850          Tel:  (202) 507-7500
Los Angeles, CA 90010
Tel: (213) 639-3900
Fax: (213) 639-3911                          Trina Realmuto (TR3684)
                                             National Immigration Project of the
                                                  National Lawyers Guild
                                             14 Beacon Street, Suite 602
                                             Boston, MA 02108
                                             Tel: (617) 227-9727
                                             Fax: (617) 227-5495
                                             trina@nipnlg.org


                                             *Counsel for Plaintiffs*

# EXHIBIT A



# AMERICAN IMMIGRATION COUNCIL

July 29, 2014

VIA ELECTRONIC MAIL

U.S. Department of Homeland Security
FOIA/PA
The Privacy Office
245 Murray Lane SW
STOP-0655
Washington, DC 20528-0655
foia@hq.dhs.gov

Office of Civil Rights and Civil Liberties
U.S. Department of Homeland Security
Washington, DC 20528
CRCL@dhs.gov

U.S. Immigration and Customs Enforcement
Freedom of Information Act Office
500 12th Street, SW, Stop 5009
Washington, DC 20536-5009
ICE-FOIA@dhs.gov

U.S. Citizenship and Immigration Services
National Records Center, FOIA/PA Office
P. O. Box 648010
Lee's Summit, MO 64064-8010
uscis.foia@dhs.gov

U.S. Customs and Border Protection
FOIA Officer
90 K Street NE, 9th Floor
Washington, DC 20229-1181
FOIA Officer/Public Liaison: Sabrina Burroughs
CBPFOIA@cbp.dhs.gov

Re:     Freedom of Information Act (FOIA) Request

Dear FOIA Officers:

The American Immigration Council ("Immigration Council"), the National Immigration Project of the National Lawyers Guild ("NIPNLG"), and American Civil Liberties Union Foundation, Immigrants' Rights Project ("ACLU-IRP") ("Requestors") submit this letter as a request for information under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, *et seq*. We ask that this request be expedited pursuant to 5 U.S.C. § 552(a)(6)(E) and that we be granted a fee waiver.

**Request for Information**

The Requestors request disclosure of the following records[1] that were prepared, received, transmitted, collected and/or maintained by the U.S. Department of Homeland Security (DHS), the Office of Civil Rights and Civil Liberties (CRCL), U.S. Customs and Border Protection (CBP), U.S. Immigration and Customs Enforcement (ICE), and/or U.S. Citizenship and Immigration Services (USCIS)[2] that contain, discuss, refer, or relate to policies, regulations, practices, procedures, recommendations, and guidelines with respect to the implementation of INA § 235(b) ("expedited removal") since June 1, 2014. Such records shall include, but are not limited to, all policies, regulations, practices, procedures, recommendations and guidelines that address:

- When to apply INA § 235(b) and related regulations to families with minor children.

---

[1]    The term "records" as used herein includes all records or communications preserved in electronic or written form, including but not limited to correspondence, regulations, directives, documents, data, videotapes, audiotapes, e-mails, faxes, files, guidance, guidelines, standards, evaluations, instructions, analyses, memoranda, agreements, notes, orders, policies, procedures, protocols, reports, rules, manuals,  technical specifications, training materials or studies, including records kept in written form, or electronic format on computers and/or other electronic storage devices, electronic communications and/or videotapes, as well as any reproductions thereof that differ in any way from any other reproduction, such as copies containing marginal notations.

[2]    The term "CBP" means CBP Headquarters offices, including any divisions, subdivisions or sections therein; CBP field operations offices, including any divisions, subdivisions or sections therein; CBP offices at ports of entry, including any divisions, subdivisions or sections therein; and/or any other CBP organizational structures.  The term "ICE" means ICE Headquarters offices (including but not limited to the Office of the Assistant Secretary (OAS), Enforcement and Removal Operations (ERO), Homeland Security Investigations (HIS), Management and Administration, Office of the Principal Legal Advisor (OPLA), and the Office of Detention Policy and Planning (ODPP), including any divisions, subdivisions or sections therein); ICE field offices, including any divisions, subdivisions or sections therein; local Offices of Chief Counsel; and any other ICE organizational structure.  The term "USICIS" means USCIS Headquarters offices, regional offices, district offices, field offices and/or any other organizational structure.

- Application of 8 C.F.R. § 235.3(b)(2) to families with minor children.

- Detention of families with minor children who are potentially subject to expedited removal.

- When ICE or CBP officers must refer individuals for credible fear interviews, including individuals apprehended and/or detained by DHS in Artesia, New Mexico.

- Whether individuals apprehended and/or detained by DHS in Artesia, New Mexico, will have credible fear interviews.

- Resources that are available or needed to conduct expedited removal, including the credible fear interviews, for individuals apprehended and/or detained in Artesia, New Mexico, including the extent and configuration of physical space, communications resources, child care, interpretation, training, and staff.

- Procedures for conducting credible fear interviews for individuals apprehended and/or detained by DHS in Artesia, New Mexico.

- Timing and/or scheduling of credible fear interviews for individuals apprehended and/or detained by DHS in Artesia, New Mexico.

- Standards applicable in credible fear determinations, including with respect to individuals apprehended and/or detained by DHS in Artesia, New Mexico.

- Creation of a written or videotaped record during the expedited removal process, including the credible fear process, including with respect to individuals apprehended and/or detained by DHS in Artesia, New Mexico.

- The review process for credible fear determinations for individuals apprehended and/or detained by DHS in Artesia, New Mexico, including submission of the case to the Executive Office for Immigration Review and/or notice of a hearing before an immigration judge.

- Access to counsel, including advising individuals of their right to counsel, during the expedited removal process, including during the credible fear interview, including with respect to individuals apprehended and/or detained by DHS in Artesia, New Mexico.

- Access to interpreters during the expedited removal process, including with respect to individuals apprehended and/or detained by DHS in Artesia, New Mexico.

- Access to interpreters for other purposes for individuals apprehended and/or detained by DHS in Artesia, New Mexico.

3

- Public, media, and/or NGO access to the facility in Artesia, New Mexico at which DHS is detaining families with minor children, and to proceedings (including credible fear review proceedings and removal proceedings) at the facility.

- Access to individuals detained in Artesia, New Mexico, including access to counsel, procedures to receive and/or send mail, access to phones and other communications equipment, and/or access to medical attention.

- Issuance of expedited removal orders (I-860) to individuals apprehended and/or detained in Artesia, New Mexico.

- The physical removal of individuals detained in Artesia, New Mexico, including any processes or procedures leading to their removal.

- Handbooks, rules, manuals, or other written documents (excluding those that pertain specifically to an individual's case) provided to individuals detained in Artesia, New Mexico or to staff at the detention center.

**Request for Expedited Processing**

Expedited processing is warranted because there is "an urgency to inform the public about an actual or alleged federal government activity" by organizations "primarily engaged in disseminating information." 5 U.S.C. § 552(a)(6)(E)(v)(II). This request implicates a matter of urgent public concern, namely, government policies, procedures and practices related to implementation of the expedited removal process in Artesia, New Mexico.

There is "an urgency to inform the public" about this government activity because early reports about expedited removal processing and detention conditions raise serious due process concerns.[3] Further, attorneys and other service providers need to understand the relevant policies, procedures, and practices to serve the population of individuals in that facility more effectively and raise any potential challenges to those procedures in a timely manner. *See* 8 U.S.C. § 1252(e)(3)(B) (expedited removal process may be challenged within 60 days of implementation of challenged directive, guideline or procedure). Accordingly, the failure to expedite processing of this request would prejudice Requestors' right to seek judicial review by this statutory deadline.

**Request for Waiver of Fees**

---

[3]     *See, e.g.*, Hannah Rappleye and Lisa Riordan Seville, *Flood of Immigrant Families at Border Revives Dormant Detention Program*, NBC News, *available at*: http://www.nbcnews.com/storyline/immigration-border-crisis/flood-immigrant-families-border-revives-dormant-detention-program-n164461(last visited July 28, 2014); Michael Oleaga, *Immigrants' Rights Groups Discuss Conditions of Detained Mothers and Children at Artesia Family Detention Center*, Latin News, *available at*: http://www.latinpost.com/articles/17895/20140724/immigrants-rights-groups-artesia-family-detention-center.htm (last visited July 28, 2014).

4

Requestors ask that all fees associated with this FOIA request be waived.  We are entitled to a waiver of all costs because disclosure of the information is "…likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii).  *See also* 6 C.F.R. § 5.11(k) (records furnished without charge or at a reduced rate if the information is in the public interest, and disclosure is not in commercial interest of institution).  In addition, the Requestors have the ability to widely disseminate the requested information. *See Judicial Watch v. Rossotti*, 326 F.3d 1309 (D.C. Cir. 2003) (finding a fee waiver appropriate when the requester explained, in detailed and non-conclusory terms, how and to whom it would disseminate the information it received).

### A.  Disclosure of the Information Is in the Public Interest

Disclosure of the requested information will contribute significantly to public understanding of government operations and activities related to expedited removal processing for families.  Such information is of great public interest given the thousands of individuals who may be subject to expedited removal each year.[4]

Requestors have the capacity and intent to disseminate widely the requested information to the public.

The Immigration Council is a non-profit organization established to increase public understanding of immigration law and policy, advocate for the fair and just administration of our immigration laws, protect the legal rights of noncitizens, and educate the public about the enduring contributions of America's immigrants. Our policy department researches issues related to immigration, and regularly provides information to leaders on Capitol Hill, the media, and the general public. Our legal department works with other immigrants' rights organizations and immigration attorneys across the United States to advance the fair administration of immigration laws, including those relating to the removal process.

NIPNLG is a national non-profit that provides technical and litigation support to immigrant communities, legal practitioners, and all advocates seeking to advance the rights of noncitizens. The NIPNLG provides training to the bar and the bench on immigration consequences of criminal conduct, and is the author of four treatises on immigration law published by Thomson Reuters.  In addition, NIPNLG staff present, and regularly publish practice advisories, on immigration law topics, which are disseminated to its members as well as to a large public audience through its website, www.nationalimmigrationproject.org.

The ACLU is a nationwide, nonprofit, and nonpartisan organization dedicated to protecting civil rights and civil liberties in the United States.  It is the largest civil liberties organization in the

---

[4]      In FY 2013, ICE deported about 101,000 people through the expedited removal process. U.S. Immigration and Customs Enforcement, *FY 2013 ICE Immigration Removals*, December 2013, p. 4, *available at :* https://www.ice.gov/doclib/about/offices/ero/pdf/2013-ice-immigration-removals.pdf (last visited July 28, 2014).

country, with offices in the fifty states and over 500,000 members. It publishes newsletters, news briefings, right-to-know handbooks, and other materials that are widely disseminated to the public. These materials are made available to everyone—including tax-exempt organizations, non-profit groups, and law students and law faculty—for either no cost or for a nominal fee through its public education department.

The ACLU also disseminates information through its high-traffic website, http://www.aclu.org. The website provides in-depth information on a range of civil liberties issues, addresses civil liberties issues that are currently in the news, and contains hundreds of documents relating to the ACLU's work. The website specifically features information obtained through FOIA. *See, e.g.*, http://www.aclu.org/safefree/torture/torturefoia.html; http://www.aclu.org/patriot_foia/index.html. The ACLU also publishes an electronic newsletter distributed to subscribers via email; airs regular podcasts; maintains a blog, http://blog.aclu.org; releases information via social media platforms such as Facebook and Twitter; and produces a television series on civil liberties issues.

One or more of the Requestors will post the information obtained through this FOIA on its publicly accessible website. The Requestors' websites collectively receive millions of page views per year—for example, the Immigration Council's website has received 1.2 million page views this year and likely will receive 2 million by the end of the year. One or more of the Requestors also will publish a summary of the information received and will disseminate that summary. Finally, the Requestors have regular contact with national print and news media and plan to share information gleaned from FOIA disclosures with interested media.

  B.  *Disclosure of the Information Is Not Primarily in the Commercial Interest of the Requester*

The Immigration Council, ACLU, and NIPNLG are not-for-profit organizations. The Requestors seek the requested information for the purpose of disseminating it to members of the public who have access to our public websites and other free publications, and not for the purpose of commercial gain.

* * *

6

Thank you for your prompt attention to this request.  If you have any questions, please do not hesitate to contact us by telephone or email.


Sincerely,


Beth Werlin
Deputy Director, Legal Action Center
American Immigration Council
1331 G Street NW
Washington, DC 20005
(202) 507-7522
bwerlin@immcouncil.org

Trina Realmuto
National Immigration Project
   of the National Lawyers Guild
14 Beacon St., Suite 602
Boston, MA 02108
(617) 227-9727 ext. 8
trina@nipnlg.org

Omar C. Jadwat
American Civil Liberties Union Foundation
Immigrants' Rights Project
125 Broad Street, 18th Fl.
New York, NY 10004
ojadwat@aclu.org

# EXHIBIT B

U.S. Department of Homeland Security
Washington, DC 20528



**Homeland
Security**

*Privacy Office, Mail Stop 0655*

August 8, 2014

<u>**SENT VIA E-MAIL TO:**</u>  **CRestrepo@immcouncil.org**

Beth Werlin
American Immigration Council
1331 G Street, NW
Washington, DC 20005

Trina Realmuto
National Immigration Project of the National Lawyers Guild
14 Beacon Street, Suite 602
Boston, MA 02108

Omar C. Jadwat
American Civil Liberties Union Foundation
Immigrants' Rights Project
125 Broad Street, 18th Floor
New York, NY 10004

Re:  **2014-HQFO-00671**

Dear Beth Werlin, Trina Realmuto, and Omar Jadwat:

This letter acknowledges receipt of your Freedom of Information Act (FOIA) request to the
Department of Homeland Security (DHS), dated July 29, 2014, and to your requests for
expedited handling and a waiver of all assessable FOIA fees.  You also sent your request directly
to the Office of Civil Rights and Civil Liberties (CRCL), U.S. Immigration and Customs
Enforcement (ICE), U.S. Citizenship and Immigration Services (USCIS), and U.S. Customs and
Border Protection (CBP).  This response pertains specifically to your request to DHS.  Our office
received your request on July 30, 2014.

Specifically, you request records, since June 1, 2014, that were prepared, received, transmitted,
collected and/or maintained by the U.S. Department of Homeland Security (DHS), the Office of
Civil Rights and Civil Liberties (CRCL), U.S. Customs and Border Protection (CBP), U.S.
Immigration and Customs Enforcement (ICE), and/or U.S. Citizenship and Immigration Services
(USCIS) that contain, discuss, refer, or relate to policies, regulations, practices, procedures,
recommendations, and guidelines with respect to the implementation of INA § 235(b)
("expedited removal") that address the following:

- When to apply INA § 235(b) and related regulations to families with minor children,

- Application of 8 C.F.R. § 235.3(b)(2) to families with minor children,
- Detention of families with minor children who are potentially subject to expedited removal,
- When ICE or CBP officers must refer individuals for credible fear interviews, including individuals apprehended and/or detained by DHS in Artesia, New Mexico,
- Whether individuals apprehended and/or detained by DHS in Artesia, New Mexico, will have credible fear interviews,
- Resources that are available or needed to conduct expedited removal, including the credible fear interviews, for individuals apprehended and/or detained in Artesia, New Mexico, including the extent and configuration of physical space, communications resources, child care, interpretation, training, and staff,
- Procedures for conducting credible fear interviews for individuals apprehended and/or detained by DHS in Artesia, New Mexico,
- Timing and/or scheduling of credible fear interviews for individuals apprehended and/or detained by DHS in Artesia, New Mexico,
- Standards applicable in credible fear determinations, including with respect to individuals apprehended and/or detained by DHS in Artesia, New Mexico,
- Creation of a written or videotaped record during the expedited removal process, including the credible fear process, including with respect to individuals apprehended and/or detained by DHS in Artesia, New Mexico,
- The review process for credible fear determinations for individuals apprehended and/or detained by DHS in Artesia, New Mexico, including submission of the case to the Executive Office for Immigration Review and/or notice of a hearing before an immigration judge,
- Access to counsel, including advising individuals of their right to counsel, during the expedited removal process, including during the credible fear interview, including with respect to individuals apprehended and/or detained by DHS in Artesia, New Mexico,
- Access to interpreters during the expedited removal process, including with respect to individuals apprehended and/or detained by DHS in Artesia, New Mexico,
- Access to interpreters for other purposes for individuals apprehended and/or detained by DHS in Artesia, New Mexico,
- Public, media, and/or NGO access to the facility in Artesia, New Mexico at which DHS is detaining families with minor children, and to proceedings (including credible fear review proceedings and removal proceedings) at the facility,
- Access to individuals detained in Artesia, New Mexico, including access to counsel, procedures to receive and/or send mail, access to phones and other communications equipment, and/or access to medical attention,
- Issuance of expedited removal orders (I-860) to individuals apprehended and/or detained in Artesia, New Mexico,
- The physical removal of individuals detained in Artesia, New Mexico, including any processes or procedures leading to their removal,
- Handbooks, rules, manuals, or other written documents (excluding those that pertain specifically to an individual's case) provided to individuals detained in Artesia, New Mexico or to staff at the detention center.

Your request for expedited treatment is hereby denied.

Under the DHS FOIA regulations, expedited processing of a FOIA request is warranted if the request involves "circumstances in which the lack of expedited treatment could reasonably be expected to pose an imminent threat to the life or physical safety of an individual," 6 C.F.R. § 5.5(d)(1)(i), or "an urgency to inform the public about an actual or alleged federal government activity, if made by a person primarily engaged in disseminating information," 6 C.F.R. § 5.5(d)(l)(ii). Requesters seeking expedited processing must submit a statement explaining in detail the basis for the request, and that statement must be certified by the requester to be true and correct. 6 C.F.R. § 5.5(d)(3).

Your request for expedited processing is denied because you do not qualify for either category under 6 C.F.R. § 5.5(d)(1). You have not established that lack of expedited treatment in this case will pose an imminent threat to the life or physical safety of an individual. In addition, you are not primarily engaged in the dissemination of information to the public. Qualifying urgency would need to exceed the public's right to know about government activity generally, and you have not shown that you intend to educate the public beyond your limited constituency. Your letter was conclusory in nature and did not present any facts to justify a grant of expedited processing under the applicable standards.

If you deem the decision to deny expedited treatment of your request an adverse determination, you may exercise your appeal rights. Should you wish to do so, you must send your appeal and a copy of this letter within 60 days of the date of this letter to: Associate General Counsel (General Law), U.S. Department of Homeland Security, Mailstop 0655, Washington, D.C. 20528, following the procedures outlined in 6 C.F.R. § 5.9. Your envelope and letter should be marked "Freedom of Information Act Appeal." Copies of the DHS regulations are available at: www.dhs.gov/foia.

The Office of Government Information Services (OGIS) also mediates disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. If you are requesting access to your own records (which is considered a Privacy Act request), you should know that OGIS does not have the authority to handle requests made under the Privacy Act of 1974. If you wish to contact OGIS, you may email them at ogis@nara.gov or call 1-877-684-6448.

Due to the increasing number of FOIA requests received by this office, we may encounter some delay in processing your request. Consistent with 6 C.F.R. § 5.5(a) of the DHS FOIA regulations, the Department processes FOIA requests according to their order of receipt. Although DHS' goal is to respond within 20 business days of receipt of your request, FOIA does permit a 10-day extension of this time period in certain circumstances. As your request seeks documents that will require a thorough and wide-ranging search, and as the subject matter of your request is of substantial interest to two or more components of this Department or of substantial interest to another agency, we will need to consult with those entities before we issue a final response. DHS will invoke a 10-day extension for your request pursuant to 5 U.S.C. § 552(a)(6)(B). If you would like to narrow the scope of your request, please contact our office. We will make every effort to comply with your request in a timely manner.

You have requested a fee waiver. The DHS FOIA Regulations at 6 CFR § 5.11(k)(2) set forth six factors DHS must evaluate to determine whether the applicable legal standard for a fee

waiver has been met:  (1) Whether the subject of the requested records concerns "the operations or activities of the government," (2) Whether the disclosure is "likely to contribute" to an understanding of government operations or activities, (3) Whether disclosure of the requested information will contribute to the understanding of the public at large, as opposed to the individual understanding of the requester or a narrow segment of interested persons, (4) Whether the contribution to public understanding of government operations or activities will be "significant," (5) Whether the requester has a commercial interest that would be furthered by the requested disclosure, and (6) Whether the magnitude of any identified commercial interest to the requester is sufficiently large in comparison with the public interest in disclosure, that disclosure is primarily in the commercial interest of the requester.

Upon review of the subject matter of your request, and an evaluation of the six factors identified above, DHS has determined that it will conditionally grant your request for a fee waiver.  The fee waiver determination will be based upon a sampling of the responsive documents received from the various DHS program offices as a result of the searches conducted in response to your FOIA request.  DHS will, pursuant to DHS regulations applicable to non-commercial requesters, provide two hours of search time and process the first 100 pages at no charge to you.  If upon review of these documents, DHS determines that the disclosure of the information contained in those documents does not meet the factors permitting DHS to waive the fees, then DHS will at that time either deny your request for a fee waiver entirely, or will allow for a percentage reduction in the amount of the fees corresponding to the amount of relevant material found that meets the factors allowing for a fee waiver.  In either case, DHS will promptly notify you of its final decision regarding your request for a fee waiver and provide you with the responsive records as required by applicable law.

In the event that your fee waiver is denied, and you determine that you still want the records, provisions of the FOIA allow us to recover part of the cost of complying with your request.  We shall charge you for records in accordance with the DHS Interim FOIA regulations as they apply to non-commercial requestors.  As a non-commercial requester you will be charged for any search time and duplication beyond the free two hours and 100 pages mentioned in the previous paragraph.  You will be charged 10 cents per page for duplication and search time at the per quarter-hour rate ($4.00 for clerical personnel, $7.00 for professional personnel, $10.25 for managerial personnel) of the searcher.  In the event that your fee waiver is denied, we will construe the submission of your request as an agreement to pay up to $25.00.  This office will contact you before accruing any additional fees.

Your request, as it pertains to this office, has been assigned reference number **2014-HQFO-00671**.  Please refer to this identifier in any future correspondence with this office.  If you have any questions, or would like to discuss this matter, please feel free to contact this office at 1-866-431-0486 or 202-343-1743.

Sincerely,

Linda Lasko
FOIA Program Specialist

# EXHIBIT C



**AMERICAN
IMMIGRATION
COUNCIL**

August 21, 2014

Associate General Counsel (General Law)
U.S. Department of Homeland Security, Mailstop 0655
Washington, D.C. 20528

Re:   **Freedom of Information Act Appeal**
**2014-HQFO-00671**

Dear FOIA Appeals Officer:

On July 29, 2014, the American Immigration Council ("Immigration Council"), the National
Immigration Project of the National Lawyers Guild ("NIPNLG"), and American Civil Liberties
Union Foundation, Immigrants' Rights Project ("ACLU-IRP") ("Requestors") submitted a
request under the Freedom of Information Act (FOIA) for disclosure of agency records that
contain, discuss, refer, or relate to policies, regulations, practices, procedures, recommendations,
and guidelines with respect to the implementation of § 235(b) of the Immigration and Nationality
Act, 8 U.S.C. § 1225(b) ("expedited removal") since June 1, 2014 (Exhibit A). By letter dated
August 8, 2014, the Department of Homeland Security denied our request for expedited
processing (Exhibit B). Please consider this letter an appeal of the agency's denial of expedited
processing. This appeal is timely filed within 60 days of the August 8, 2014 denial. 6 C.F.R. §
5.9.

The agency asserted that the expedited processing request did not present "circumstances in
which the lack of expedited treatment could reasonably be expected to pose an imminent threat
to the life or physical safety of an individual," 6 C.F.R. § 5.5(d)(1)(i), or "an urgency to inform
the public about an actual or alleged federal government activity, if made by a person primarily
engaged in disseminating information," 6 C.F.R. § 5.5(d)(l)(ii). The agency denied the request
because the requestors did not "qualify for either category under 6 C.F.R. § 5.5(d)(1)."

Contrary to the agency's assessment, requestors meet both the statutory and regulatory criteria
for expedited processing.[1] Requestors have demonstrated an "an urgency to inform the public

---

[1] Though the Department of Homeland Security has promulgated its own regulations addressing
when expedited treatment is appropriate, the statutory criteria for expedited processing is not
limited by these regulations. The FOIA statute directs agencies to allow "for expedited
processing, not only 'in cases in which the person requesting the records demonstrates a
compelling need,' but also 'in other cases *determined by the agency*.'" *Al-Fayed v. CIA*, 254 F.3d
300, 307 n.7 (D.C. Cir. 2001) (quoting 5 U.S.C. § 552(a)(6)(E)(i)) (emphasis in original). This
provision allows an agency "'latitude to expand the criteria for expedited access' beyond cases of
'compelling need.'" *Id.* (quoting H.R. Rep. No. 104-795, at 26).

about an actual or alleged federal government activity" by organizations "primarily engaged in disseminating information." 5 U.S.C. § 552(a)(6)(E)(v)(II). The D.C. Circuit has looked to several criteria when determining whether there is an "urgency to inform," and a resulting "compelling need": "(1) whether the request concerns a matter of current exigency to the American public; (2) whether the consequences of delaying a response would compromise a significant recognized interest; and (3) whether the request concerns federal government activity." *Al-Fayed v. CIA*, 254 F.3d 300, 310 (D.C. Cir. 2001); *see also Long v. Dep't of Homeland Sec.*, 436 F. Supp. 2d 38, 42 (D.D.C. 2006) (applying the criteria to an expedited FOIA request to the Department of Homeland Security).

This request plainly meets these criteria. First, there is "an urgency to inform the public" about this government activity.  The government's policies, procedures and practices related to implementation of the expedited removal process, including the application of this process to families with minor children apprehended or detained by DHS in Artesia, New Mexico, have been repeatedly raised and discussed by members of Congress, the news media, and the public in recent weeks.  *See, e.g.,* Julia Preston, *As U.S. Speeds the Path to Deportation, Distress Fills New Family Detention Centers*, New York Times, Aug. 5, 2014, *available at* http://www.nytimes.com/2014/08/06/us/seeking-to-stop-migrants-from-risking-trip-us-speeds-the-path-to-deportation-for-families.html?_r=0 (last visited Aug. 16, 2014). Furthermore, early reports about expedited removal processing in Artesia raise serious due process concerns.[2] Second, a delayed response would compromise individuals' due process interests in significant ways. Attorneys and other service providers need to understand the relevant policies, procedures, and practices to serve the population of individuals in that facility more effectively and to raise any potential challenges to those procedures in a timely manner. *See* 8 U.S.C. § 1252(e)(3)(B) (providing for challenge within 60 days of implementation of challenged directive, guideline or procedure). Moreover, a delay in public disclosure and discussion of these policies, procedures, and practices will likely allow problematic practices to persist longer than they otherwise would.

---

[2] Hannah Rappleye and Lisa Riordan Seville, *Flood of Immigrant Families at Border Revives Dormant Detention Program*, NBC News, July 25, 2014, *available at* http://www.nbcnews.com/storyline/immigration-border-crisis/flood-immigrant-families-border-revives-dormant-detention-program-n164461(last visited July 30, 2014); Michael Oleaga, *Immigrants' Rights Groups Discuss Conditions of Detained Mothers and Children at Artesia Family Detention Center*, Latin News, July 24, 2014, *available at* http://www.latinpost.com/articles/17895/20140724/immigrants-rights-groups-artesia-family-detention-center.htm (last visited July 30, 2014); Benjamin Goad, *Groups Cite "Horrific" Conditions at Immigrant Detention Center*, The Hill, July 24, 2014, *available at* http://thehill.com/regulation/administration/213264-groups-cite-horrific-conditions-for-immigrant-detainees (last visited July 30, 2014); Cindy Carcamo, *Child's Detention Despite Citizenship Reveals Immigration Case Woes*, Los Angeles Times, Aug. 14, 2014, *available at* http://www.latimes.com/world/mexico-americas/la-na-citizen-detained-20140815-story.html (lasted visited Aug. 16, 2014); *New Family Detention Centers Hold Immigrant Women and Children Without Bond as Asylum Claims Pend*, Democracy Now, Aug. 14, 2014, *available at* http://www.democracynow.org/2014/8/14/new_family_detention_centers_hold_immigrant (last visited Aug, 16, 2014);

Third, this request obviously "concerns federal government activity" because both the proceedings and the detention facilities are federal.

We remind you that reporters and other media outlets are not the only entities primarily engaged in disseminating information. For example, a district court found the non-media entity Leadership Conference on Civil Rights to be "primarily engaged" in information dissemination. *Leadership Conference on Civil Rights v. Gonzales*, 404 F. Supp. 2d 246, 260 (D.D.C. 2005). The court reasoned that the "Conference's mission [was] to serve as the site of record for relevant and up-to-the-minute civil rights news and information" and that it "disseminat[ed] information regarding civil rights and voting rights to educate the public, promote effective civil rights laws, and ensure their enforcement by the Department of Justice." *Id.* Just as the Leadership Conference was focused on civil rights news, the American Immigration Council is a non-profit organization established to increase public understanding of immigration law and policy. The Council advocates for the fair and just administration of our immigration laws, protects the legal rights of noncitizens, and educates the public about the enduring contributions of America's immigrants. The Council's policy department researches issues related to immigration and provides up-to-the-minute information to leaders on Capitol Hill, the media, and the general public. NIPNLG, another of the Requestors, is also engaged in disseminating information. For over forty years, the National Immigration Project has promoted justice and equality of treatment in all areas of immigration law, the criminal justice system, and social policies related to immigration. NIPNLG staff members often speak publicly and publish practice advisories and related written materials for the public and organizational members. Both the Council and NIPNLG make information provided through FOIA responses available on the organizations' websites, accessible by any member of the public. Finally, both the Council and NIPNLG have frequent contact with national print and news media and plan to share information from FOIA disclosures with interested media.

Separately, the request meets the regulatory criteria for expedited processing because denial of expedited processing could reasonably be expected to pose an imminent threat to the life or physical safety of an individual. *See* 6 C.F.R. § 5.5(d)(1)(i). The FOIA request seeks information about the expedited removal process as applied to individuals in Artesia. A key part of the expedited removal process is the "credible fear" interview for individuals who intend to seek asylum or who otherwise express a fear of persecution. 8 U.S.C. § 1225(b)(1)(A)(ii); 8 C.F.R. § 235.3(b)(4); 8 U.S.C. § 1225(b)(1)(B). The credible fear interview is designed "to elicit all relevant and useful information bearing on whether the applicant has a credible fear of persecution or torture." 8 C.F.R. § 208.30(d). Numerous news articles have raised questions about whether the women and children detained at Artesia are receiving fair credible fear interviews.[3] Adding to the urgency, DHS currently is deporting individuals from Artesia.[4] Thus, there is an imminent threat to the life or physical safety of these women and children.

---

[3] *See, e.g.*, David McCumber and Susan Carroll, *Immigrant Detention Centers Decried by Advocates as 'Deportation Factories,'* Houston Chronicle, Aug. 13, 2014, *available at* http://www.houstonchronicle.com/news/article/Immigrant-detention-centers-decried-by-critics-as-5684471.php (last visited Aug. 16, 2014); Melissa del Bosque, *At New Detention Facility It's 'Hurry Up and Deport' Central Americans*, The Texas Observer, July 23, 2014, *available at* http://www.texasobserver.org/new-facility-hurry-deport-central-americans/ (last visited Aug. 18,

Thank you for your prompt attention to this appeal. If you have any questions regarding this appeal, please do not hesitate to contact Beth Werlin at bwerlin@immcouncil.org or 202-507-7522.

Sincerely,

Beth Werlin
American Immigration Council
1331 G Street NW
Washington, DC 20005
(202) 507-7522
bwerlin@immcouncil.org

Trina Realmuto
National Immigration Project
   of the National Lawyers Guild
14 Beacon St., Suite 602
Boston, MA 02108
(617) 227-9727 ext. 8
trina@nipnlg.org

Omar C. Jadwat
American Civil Liberties Union Foundation
Immigrants' Rights Project
125 Broad Street, 18th Fl.
New York, NY 10004
ojadwat@aclu.org

---

2014); Jason Buch, *Advocates Say Deportation May Disrupt Due Process*, Houston Chronicle, July 19, 2014, *available at* http://www.houstonchronicle.com/news/houston-texas/houston/article/jbuch-express-news-netTwitter-jlbuch-5633398.php (last visited August 18, 2014).
[4] *See* Russell Contreras and Susan Montoya Bryan, Associated Press, Aug. 2014, *available at* http://www.abqjournal.com/448772/news/ice-resumes-deportations-from-artesia-center.html (last visited Aug. 20, 2014).

# EXHIBIT D

**U.S. Department of
Homeland Security**

**United States
Coast Guard**

Office of  Administrative Law Judges,
Seattle
United States Coast Guard

915 Second Avenue, Room 2609
Seattle, WA 98174
Staff Symbol: CG-00J
Phone: 206-220-7109
Fax: 206-220-7108
Email: Heather.L.MacClintock@uscg.mil

5720
September 29, 2014

Beth Werlin
American Immigration Council
1331 G Street
Washington, DC 20005

Trina Realmuto
National Immigration Project of the National Lawyers Guild
14 Beacon Street, Suite 602
Boston, MA 02108

Omar C. Jadwat
American Civil Liberties Union Foundation
Immigrants' Rights Project
125 Broad Street, 18th Floor
New York, NY 10004

RE: **DHS FOIA APPEAL 2014-HQAP-00086**

Dear Ms. Werlin, Ms. Realmuto, and Mr. Jadwat:

This letter is in response to your letter dated August 21, 2014, in which you appealed the
Agency's denial of expedited processing of FOIA Request 2014-HQFO-00671.

Pursuant to a memorandum of agreement, the United States Coast Guard Office of the
Chief Administrative Law Judge is reviewing the FOIA appeals for the Department of
Homeland Security General Counsel's office.  Therefore, the Office of the Chief
Administrative Law Judge will be rendering the official appeal decision on behalf of the
Department of Homeland Security.

After a thorough review of your appeal and all applicable documents, the Agency's
decision is upheld. The Department of Homeland Security has promulgated regulations
allowing for expedited processing of requests when normal processing could result in
harm to the life or physical safety of an individual or when a person primarily engaged in
disseminating information submits a request where there is "an urgency to inform the
public about an actual or alleged federal government activity." 6 C.F.R. § 5.5(d)(1).

Please note, review of an agency's decision to deny expedited processing is "based on the
record before the agency *at the time of the determination*." 5 U.S.C. § 552(a)(6)(E)(iii)
(emphasis added). Your request stated you believe urgency exists "because early reports
about expedited removal processing and detention conditions raise serious due process
concerns" and because attorneys and other service providers require this information to
effectively serve the affected population.

A request for expedited processing under 6 C.F.R. § 5.5(d)(1)(ii) must contain specific information and be certified to be true and correct to the best of the requester's knowledge and belief. 6 C.F.R. § 5.5(d)(3). While formal certification may be waived at the Agency's discretion, the regulations do not allow for deviations in the content of a request for expedited processing. A requester who is not a full-time member of the news media must establish that his or her "main professional activity or occupation is information dissemination, though it need not be his or her sole occupation." 6 C.F.R.§ 5.5(d)(3). The requester must also show that there is a particular need to inform the public about the subject of the request, beyond the general right to know. *Id.*

While your request showed that each organization has the capacity to publish and disseminate information, you did not show that any of the requesting organizations is primarily engaged in information dissemination. I note that the appeal letter provided additional information regarding the organizations involved in making this request. It also argued that this request should be expedited under 6 C.F.R. § 5.5(d)(1)(i) and/or that the Agency should have expedited it even without a showing of compelling need, as allowed by 5 U.S.C. § 552(a)(6)(E)(i). However, the Agency did not have the benefit of this information or arguments when it made its determination. I cannot say whether the supplemental information would have changed the Agency's analysis because it was not available at the time the Agency denied expedited processing.

This decision is the final action of the Department of Homeland Security concerning FOIA Appeal 2014-HQFO-00086.  While a comprehensive review of your appeal was made, you may seek judicial review of this decision pursuant to 5 U.S.C. §552(a)(4)(B) in United States District Court for either: 1) the district where you reside; 2) the district where the agency records are situated; or 3) the District of Columbia.

Sincerely,

Heather L. MacClintock
Attorney Advisor
United States Coast Guard

Copy:          FOIA Officer, DHS Privacy Office

Sent:          Via FedEx to the above Addresses

# EXHIBIT E



**AMERICAN
IMMIGRATION
COUNCIL**

September 5, 2014

Associate General Counsel (General Law)
U.S. Department of Homeland Security, Mailstop 0655
Washington, D.C. 20528

U.S. Immigration and Customs Enforcement
Office of Principal Legal Advisor
U.S. Department of Homeland Security
Freedom of Information Act Office
500 12th Street SW, Stop 5009
Washington, D.C. 20536-5009

FOIA Appeals, Policy and Litigation Branch
U.S. Customs and Border Protection
90 K Street, NE, Washington, D.C. 20229.

USCIS FOIA/PA Appeals Office
150 Space Center Loop, Suite 500
Lee's Summit, MO 64064-2139

Office of Civil Rights and Civil Liberties (CRCL)
U.S. Department of Homeland Security
Building 410, Mail Stop #0190
Washington, DC 20528

Re:     **Freedom of Information Act Appeal
        DHS - 2014-HQFO-00671; CBP - 2014-038899; ICE - 2014-ICFO-04325;
        USCIS - NRC2014085478**

Dear FOIA Appeals Officers:

On July 29, 2014, the American Immigration Council ("Immigration Council"), the National
Immigration Project of the National Lawyers Guild ("NIPNLG"), and American Civil Liberties
Union Foundation, Immigrants' Rights Project ("ACLU-IRP") ("Requestors") submitted a
request under the Freedom of Information Act (FOIA) for disclosure of agency records that
contain, discuss, refer, or relate to policies, regulations, practices, procedures, recommendations,
and guidelines with respect to the implementation of § 235(b) of the Immigration and Nationality
Act, 8 U.S.C. § 1225(b) ("expedited removal") since June 1, 2014 (Exhibit A).

By letter dated August 8, 2014, the Department of Homeland Security ("DHS") denied our request for expedited processing, invoked the statutory 10-day extension for responding to our request and conditionally granted our fee waiver request (Exhibit B).

By letters dated August 8, 2014, U.S. Immigration and Customs Enforcement ("ICE") denied our request for expedited processing, invoked the statutory 10-day extension for responding to our request, and conditionally granted our fee waiver request (Exhibit C).

By e-mail dated July 29, 2014, U.S. Customs and Border Enforcement ("CBP") acknowledged receipt of our FOIA request (Exhibit D).

By letter dated August 11, 2014, U.S. Citizenship and Immigration Services ("USCIS") invoked the statutory 10-day extension for responding to our request, granted our fee waiver request and placed our request in the complex track (Track 2) for processing (Exhibit E).

The Office of Civil Rights and Civil Liberties ("OCRCL") has not yet acknowledged receipt of our FOIA request.

On August 21, 2014, Requestors submitted an appeal of the denial of expedited processing (Exhibit F). Please consider this letter an appeal of DHS's constructive denial of our FOIA request and a restatement of our request for expedited processing. This letter also is an appeal of the agency's conditional grant of the fee waiver request. Although DHS and ICE found that Requestors qualified for a fee waiver, they placed conditions on the grant of the waiver, stating the agency may ultimately deny the request after conducting a limited search. As set forth in our initial FOIA request, Requestors maintain that they qualify for a full fee waiver.

When a party submits a FOIA request, the agency has 20 business days to determine whether to produce records responsive to the request. 5 U.S.C. § 552(a)(6)(A)(i). In unusual circumstances, this deadline may be extended for a maximum of 10 additional business days. 5 U.S.C. § 552(a)(6)(B)(i). When an agency fails to meet the response times required by FOIA, requesting parties may deem the agency's delay a denial of the FOIA request and appeal the denial. *See, e.g., Ruotolo v. Dep't of Justice*, 53 F.3d 4, 8 (2d Cir. 1995) ("[A]dministrative remedies are 'deemed exhausted' if the agency fails to comply with the 'applicable time limit' provisions of the FOIA."); *Voinche v. Fed. Bureau of Investigation*, 999 F.2d 962, 963 (5th Cir. 1993) ("If an agency has not complied within the statutory time limits of a FOIA request, the requestor shall be deemed to have exhausted his administrative remedies and [may] bring suit."). DHS has failed to respond to our FOIA request within the 30 days provided under the FOIA statute.

FOIA incorporates a strong presumption in favor of mandatory disclosure of requested records. *Wisconsin Project on Nuclear Arms Control v. Dep't of Commerce*, 317 F.3d 275, 279 (D.C. Cir. 2003) ("FOIA accordingly mandates a 'strong presumption in favor of disclosure.'") (quoting *Dep't of Justice v. Ray*, 502 U.S. 164, 173 (1991)). Agencies may deny a FOIA request only when the requested records fall under any of the nine exemptions listed in FOIA. 5 U.S.C. § 552(b)(1)-(9). DHS has not responded to our FOIA request and thus has not applied any of the statutory exemptions to withhold the records we requested. Accordingly, we are entitled to the requested records.

2

Thank you for your prompt attention to this appeal. If you have any questions regarding this appeal, please do not hesitate to contact Beth Werlin at bwerlin@immcouncil.org or 202-507-7522.

Sincerely,

Beth Werlin
American Immigration Council
1331 G Street NW
Washington, DC 20005
(202) 507-7522
bwerlin@immcouncil.org

Trina Realmuto
National Immigration Project
  of the National Lawyers Guild
14 Beacon St., Suite 602
Boston, MA 02108
(617) 227-9727 ext. 8
trina@nipnlg.org

Omar C. Jadwat
American Civil Liberties Union Foundation
Immigrants' Rights Project
125 Broad Street, 18th Fl.
New York, NY 10004
ojadwat@aclu.org

Exhibit A



**AMERICAN IMMIGRATION COUNCIL**

July 29, 2014

<u>VIA ELECTRONIC MAIL</u>

U.S. Department of Homeland Security
FOIA/PA
The Privacy Office
245 Murray Lane SW
STOP-0655
Washington, DC 20528-0655
foia@hq.dhs.gov

Office of Civil Rights and Civil Liberties
U.S. Department of Homeland Security
Washington, DC 20528
CRCL@dhs.gov

U.S. Immigration and Customs Enforcement
Freedom of Information Act Office
500 12th Street, SW, Stop 5009
Washington, DC 20536-5009
ICE-FOIA@dhs.gov

U.S. Citizenship and Immigration Services
National Records Center, FOIA/PA Office
P. O. Box 648010
Lee's Summit, MO 64064-8010
uscis.foia@dhs.gov

U.S. Customs and Border Protection
FOIA Officer
90 K Street NE, 9th Floor
Washington, DC 20229-1181
FOIA Officer/Public Liaison: Sabrina Burroughs
CBPFOIA@cbp.dhs.gov

Re:     Freedom of Information Act (FOIA) Request

Dear FOIA Officers:

The American Immigration Council ("Immigration Council"), the National Immigration Project of the National Lawyers Guild ("NIPNLG"), and American Civil Liberties Union Foundation, Immigrants' Rights Project ("ACLU-IRP") ("Requestors") submit this letter as a request for information under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, *et seq.*  We ask that this request be expedited pursuant to 5 U.S.C. § 552(a)(6)(E) and that we be granted a fee waiver.

**Request for Information**

The Requestors request disclosure of the following records[1] that were prepared, received, transmitted, collected and/or maintained by the U.S. Department of Homeland Security (DHS), the Office of Civil Rights and Civil Liberties (CRCL), U.S. Customs and Border Protection (CBP), U.S. Immigration and Customs Enforcement (ICE), and/or U.S. Citizenship and Immigration Services (USCIS)[2] that contain, discuss, refer, or relate to policies, regulations, practices, procedures, recommendations, and guidelines with respect to the implementation of INA § 235(b) ("expedited removal") since June 1, 2014.  Such records shall include, but are not limited to, all policies, regulations, practices, procedures, recommendations and guidelines that address:

- When to apply INA § 235(b) and related regulations to families with minor children.

---

[1]     The term "records" as used herein includes all records or communications preserved in electronic or written form, including but not limited to correspondence, regulations, directives, documents, data, videotapes, audiotapes, e-mails, faxes, files, guidance, guidelines, standards, evaluations, instructions, analyses, memoranda, agreements, notes, orders, policies, procedures, protocols, reports, rules, manuals, technical specifications, training materials or studies, including records kept in written form, or electronic format on computers and/or other electronic storage devices, electronic communications and/or videotapes, as well as any reproductions thereof that differ in any way from any other reproduction, such as copies containing marginal notations.

[2]     The term "CBP" means CBP Headquarters offices, including any divisions, subdivisions or sections therein; CBP field operations offices, including any divisions, subdivisions or sections therein; CBP offices at ports of entry, including any divisions, subdivisions or sections therein; and/or any other CBP organizational structures.  The term "ICE" means ICE Headquarters offices (including but not limited to the Office of the Assistant Secretary (OAS), Enforcement and Removal Operations (ERO), Homeland Security Investigations (HIS), Management and Administration, Office of the Principal Legal Advisor (OPLA), and the Office of Detention Policy and Planning (ODPP), including any divisions, subdivisions or sections therein); ICE field offices, including any divisions, subdivisions or sections therein; local Offices of Chief Counsel; and any other ICE organizational structure.  The term "USICIS" means USCIS Headquarters offices, regional offices, district offices, field offices and/or any other organizational structure.

- Application of 8 C.F.R. § 235.3(b)(2) to families with minor children.

- Detention of families with minor children who are potentially subject to expedited removal.

- When ICE or CBP officers must refer individuals for credible fear interviews, including individuals apprehended and/or detained by DHS in Artesia, New Mexico.

- Whether individuals apprehended and/or detained by DHS in Artesia, New Mexico, will have credible fear interviews.

- Resources that are available or needed to conduct expedited removal, including the credible fear interviews, for individuals apprehended and/or detained in Artesia, New Mexico, including the extent and configuration of physical space, communications resources, child care, interpretation, training, and staff.

- Procedures for conducting credible fear interviews for individuals apprehended and/or detained by DHS in Artesia, New Mexico.

- Timing and/or scheduling of credible fear interviews for individuals apprehended and/or detained by DHS in Artesia, New Mexico.

- Standards applicable in credible fear determinations, including with respect to individuals apprehended and/or detained by DHS in Artesia, New Mexico.

- Creation of a written or videotaped record during the expedited removal process, including the credible fear process, including with respect to individuals apprehended and/or detained by DHS in Artesia, New Mexico.

- The review process for credible fear determinations for individuals apprehended and/or detained by DHS in Artesia, New Mexico, including submission of the case to the Executive Office for Immigration Review and/or notice of a hearing before an immigration judge.

- Access to counsel, including advising individuals of their right to counsel, during the expedited removal process, including during the credible fear interview, including with respect to individuals apprehended and/or detained by DHS in Artesia, New Mexico.

- Access to interpreters during the expedited removal process, including with respect to individuals apprehended and/or detained by DHS in Artesia, New Mexico.

- Access to interpreters for other purposes for individuals apprehended and/or detained by DHS in Artesia, New Mexico.

3

- Public, media, and/or NGO access to the facility in Artesia, New Mexico at which DHS is detaining families with minor children, and to proceedings (including credible fear review proceedings and removal proceedings) at the facility.

- Access to individuals detained in Artesia, New Mexico, including access to counsel, procedures to receive and/or send mail, access to phones and other communications equipment, and/or access to medical attention.

- Issuance of expedited removal orders (I-860) to individuals apprehended and/or detained in Artesia, New Mexico.

- The physical removal of individuals detained in Artesia, New Mexico, including any processes or procedures leading to their removal.

- Handbooks, rules, manuals, or other written documents (excluding those that pertain specifically to an individual's case) provided to individuals detained in Artesia, New Mexico or to staff at the detention center.

**Request for Expedited Processing**

Expedited processing is warranted because there is "an urgency to inform the public about an actual or alleged federal government activity" by organizations "primarily engaged in disseminating information." 5 U.S.C. § 552(a)(6)(E)(v)(II). This request implicates a matter of urgent public concern, namely, government policies, procedures and practices related to implementation of the expedited removal process in Artesia, New Mexico.

There is "an urgency to inform the public" about this government activity because early reports about expedited removal processing and detention conditions raise serious due process concerns.[3] Further, attorneys and other service providers need to understand the relevant policies, procedures, and practices to serve the population of individuals in that facility more effectively and raise any potential challenges to those procedures in a timely manner. *See* 8 U.S.C. § 1252(e)(3)(B) (expedited removal process may be challenged within 60 days of implementation of challenged directive, guideline or procedure). Accordingly, the failure to expedite processing of this request would prejudice Requestors' right to seek judicial review by this statutory deadline.

**Request for Waiver of Fees**

---

[3]     *See, e.g.*, Hannah Rappleye and Lisa Riordan Seville, *Flood of Immigrant Families at Border Revives Dormant Detention Program,* NBC News, *available at*: http://www.nbcnews.com/storyline/immigration-border-crisis/flood-immigrant-families-border-revives-dormant-detention-program-n164461(last visited July 28, 2014); Michael Oleaga, *Immigrants' Rights Groups Discuss Conditions of Detained Mothers and Children at Artesia Family Detention Center,* Latin News, *available at*: http://www.latinpost.com/articles/17895/20140724/immigrants-rights-groups-artesia-family-detention-center.htm (last visited July 28, 2014).

Requestors ask that all fees associated with this FOIA request be waived.  We are entitled to a waiver of all costs because disclosure of the information is "...likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii).  *See also* 6 C.F.R. § 5.11(k) (records furnished without charge or at a reduced rate if the information is in the public interest, and disclosure is not in commercial interest of institution).  In addition, the Requestors have the ability to widely disseminate the requested information. *See Judicial Watch v. Rossotti*, 326 F.3d 1309 (D.C. Cir. 2003) (finding a fee waiver appropriate when the requester explained, in detailed and non-conclusory terms, how and to whom it would disseminate the information it received).

### A.  *Disclosure of the Information Is in the Public Interest*

Disclosure of the requested information will contribute significantly to public understanding of government operations and activities related to expedited removal processing for families.  Such information is of great public interest given the thousands of individuals who may be subject to expedited removal each year.[4]

Requestors have the capacity and intent to disseminate widely the requested information to the public.

The Immigration Council is a non-profit organization established to increase public understanding of immigration law and policy, advocate for the fair and just administration of our immigration laws, protect the legal rights of noncitizens, and educate the public about the enduring contributions of America's immigrants. Our policy department researches issues related to immigration, and regularly provides information to leaders on Capitol Hill, the media, and the general public. Our legal department works with other immigrants' rights organizations and immigration attorneys across the United States to advance the fair administration of immigration laws, including those relating to the removal process.

NIPNLG is a national non-profit that provides technical and litigation support to immigrant communities, legal practitioners, and all advocates seeking to advance the rights of noncitizens. The NIPNLG provides training to the bar and the bench on immigration consequences of criminal conduct, and is the author of four treatises on immigration law published by Thomson Reuters.  In addition, NIPNLG staff present, and regularly publish practice advisories, on immigration law topics, which are disseminated to its members as well as to a large public audience through its website, www.nationalimmigrationproject.org.

The ACLU is a nationwide, nonprofit, and nonpartisan organization dedicated to protecting civil rights and civil liberties in the United States.  It is the largest civil liberties organization in the

---

[4]      In FY 2013, ICE deported about 101,000 people through the expedited removal process. U.S. Immigration and Customs Enforcement, *FY 2013 ICE Immigration Removals*, December 2013, p. 4, *available at :* https://www.ice.gov/doclib/about/offices/ero/pdf/2013-ice-immigration-removals.pdf (last visited July 28, 2014).

country, with offices in the fifty states and over 500,000 members. It publishes newsletters, news briefings, right-to-know handbooks, and other materials that are widely disseminated to the public. These materials are made available to everyone—including tax-exempt organizations, non-profit groups, and law students and law faculty—for either no cost or for a nominal fee through its public education department.

The ACLU also disseminates information through its high-traffic website, http://www.aclu.org. The website provides in-depth information on a range of civil liberties issues, addresses civil liberties issues that are currently in the news, and contains hundreds of documents relating to the ACLU's work. The website specifically features information obtained through FOIA. *See, e.g.*, http://www.aclu.org/safefree/torture/torturefoia.html; http://www.aclu.org/patriot_foia/index.html. The ACLU also publishes an electronic newsletter distributed to subscribers via email; airs regular podcasts; maintains a blog, http://blog.aclu.org; releases information via social media platforms such as Facebook and Twitter; and produces a television series on civil liberties issues.

One or more of the Requestors will post the information obtained through this FOIA on its publicly accessible website. The Requestors' websites collectively receive millions of page views per year—for example, the Immigration Council's website has received 1.2 million page views this year and likely will receive 2 million by the end of the year. One or more of the Requestors also will publish a summary of the information received and will disseminate that summary. Finally, the Requestors have regular contact with national print and news media and plan to share information gleaned from FOIA disclosures with interested media.

### B. Disclosure of the Information Is Not Primarily in the Commercial Interest of the Requester

The Immigration Council, ACLU, and NIPNLG are not-for-profit organizations. The Requestors seek the requested information for the purpose of disseminating it to members of the public who have access to our public websites and other free publications, and not for the purpose of commercial gain.

* * *

Thank you for your prompt attention to this request.  If you have any questions, please do not hesitate to contact us by telephone or email.


Sincerely,


Beth Werlin
Deputy Director, Legal Action Center
American Immigration Council
1331 G Street NW
Washington, DC 20005
(202) 507-7522
bwerlin@immcouncil.org

Trina Realmuto
National Immigration Project
   of the National Lawyers Guild
14 Beacon St., Suite 602
Boston, MA 02108
(617) 227-9727 ext. 8
trina@nipnlg.org

Omar C. Jadwat
American Civil Liberties Union Foundation
Immigrants' Rights Project
125 Broad Street, 18th Fl.
New York, NY 10004
ojadwat@aclu.org

7

Exhibit B

U.S. Department of Homeland Security
Washington, DC 20528



Privacy Office, Mail Stop 0655

August 8, 2014

**SENT VIA E-MAIL TO:  CRestrepo@immcouncil.org**

Beth Werlin
American Immigration Council
1331 G Street, NW
Washington, DC 20005

Trina Realmuto
National Immigration Project of the National Lawyers Guild
14 Beacon Street, Suite 602
Boston, MA 02108

Omar C. Jadwat
American Civil Liberties Union Foundation
Immigrants' Rights Project
125 Broad Street, 18th Floor
New York, NY 10004

Re: **2014-HQFO-00671**

Dear Beth Werlin, Trina Realmuto, and Omar Jadwat:

This letter acknowledges receipt of your Freedom of Information Act (FOIA) request to the Department of Homeland Security (DHS), dated July 29, 2014, and to your requests for expedited handling and a waiver of all assessable FOIA fees.  You also sent your request directly to the Office of Civil Rights and Civil Liberties (CRCL), U.S. Immigration and Customs Enforcement (ICE), U.S. Citizenship and Immigration Services (USCIS), and U.S. Customs and Border Protection (CBP).  This response pertains specifically to your request to DHS.  Our office received your request on July 30, 2014.

Specifically, you request records, since June 1, 2014, that were prepared, received, transmitted, collected and/or maintained by the U.S. Department of Homeland Security (DHS), the Office of Civil Rights and Civil Liberties (CRCL), U.S. Customs and Border Protection (CBP), U.S. Immigration and Customs Enforcement (ICE), and/or U.S. Citizenship and Immigration Services (USCIS) that contain, discuss, refer, or relate to policies, regulations, practices, procedures, recommendations, and guidelines with respect to the implementation of INA § 235(b) ("expedited removal") that address the following:

- When to apply INA § 235(b) and related regulations to families with minor children,

- Application of 8 C.F.R. § 235.3(b)(2) to families with minor children,
- Detention of families with minor children who are potentially subject to expedited removal,
- When ICE or CBP officers must refer individuals for credible fear interviews, including individuals apprehended and/or detained by DHS in Artesia, New Mexico,
- Whether individuals apprehended and/or detained by DHS in Artesia, New Mexico, will have credible fear interviews,
- Resources that are available or needed to conduct expedited removal, including the credible fear interviews, for individuals apprehended and/or detained in Artesia, New Mexico, including the extent and configuration of physical space, communications resources, child care, interpretation, training, and staff,
- Procedures for conducting credible fear interviews for individuals apprehended and/or detained by DHS in Artesia, New Mexico,
- Timing and/or scheduling of credible fear interviews for individuals apprehended and/or detained by DHS in Artesia, New Mexico,
- Standards applicable in credible fear determinations, including with respect to individuals apprehended and/or detained by DHS in Artesia, New Mexico,
- Creation of a written or videotaped record during the expedited removal process, including the credible fear process, including with respect to individuals apprehended and/or detained by DHS in Artesia, New Mexico,
- The review process for credible fear determinations for individuals apprehended and/or detained by DHS in Artesia, New Mexico, including submission of the case to the Executive Office for Immigration Review and/or notice of a hearing before an immigration judge,
- Access to counsel, including advising individuals of their right to counsel, during the expedited removal process, including during the credible fear interview, including with respect to individuals apprehended and/or detained by DHS in Artesia, New Mexico,
- Access to interpreters during the expedited removal process, including with respect to individuals apprehended and/or detained by DHS in Artesia, New Mexico,
- Access to interpreters for other purposes for individuals apprehended and/or detained by DHS in Artesia, New Mexico,
- Public, media, and/or NGO access to the facility in Artesia, New Mexico at which DHS is detaining families with minor children, and to proceedings (including credible fear review proceedings and removal proceedings) at the facility,
- Access to individuals detained in Artesia, New Mexico, including access to counsel, procedures to receive and/or send mail, access to phones and other communications equipment, and/or access to medical attention,
- Issuance of expedited removal orders (I-860) to individuals apprehended and/or detained in Artesia, New Mexico,
- The physical removal of individuals detained in Artesia, New Mexico, including any processes or procedures leading to their removal,
- Handbooks, rules, manuals, or other written documents (excluding those that pertain specifically to an individual's case) provided to individuals detained in Artesia, New Mexico or to staff at the detention center.

Your request for expedited treatment is hereby denied.

Under the DHS FOIA regulations, expedited processing of a FOIA request is warranted if the request involves "circumstances in which the lack of expedited treatment could reasonably be expected to pose an imminent threat to the life or physical safety of an individual," 6 C.F.R. § 5.5(d)(1)(i), or "an urgency to inform the public about an actual or alleged federal government activity, if made by a person primarily engaged in disseminating information," 6 C.F.R. § 5.5(d)(l)(ii).  Requesters seeking expedited processing must submit a statement explaining in detail the basis for the request, and that statement must be certified by the requester to be true and correct.  6 C.F.R. § 5.5(d)(3).

Your request for expedited processing is denied because you do not qualify for either category under 6 C.F.R. § 5.5(d)(1).  You have not established that lack of expedited treatment in this case will pose an imminent threat to the life or physical safety of an individual.  In addition, you are not primarily engaged in the dissemination of information to the public.  Qualifying urgency would need to exceed the public's right to know about government activity generally, and you have not shown that you intend to educate the public beyond your limited constituency.  Your letter was conclusory in nature and did not present any facts to justify a grant of expedited processing under the applicable standards.

If you deem the decision to deny expedited treatment of your request an adverse determination, you may exercise your appeal rights.  Should you wish to do so, you must send your appeal and a copy of this letter within 60 days of the date of this letter to: Associate General Counsel (General Law), U.S. Department of Homeland Security, Mailstop 0655, Washington, D.C. 20528, following the procedures outlined in 6 C.F.R. §  5.9.  Your envelope and letter should be marked "Freedom of Information Act Appeal."  Copies of the DHS regulations are available at: www.dhs.gov/foia.

The Office of Government Information Services (OGIS) also mediates disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. If you are requesting access to your own records (which is considered a Privacy Act request), you should know that OGIS does not have the authority to handle requests made under the Privacy Act of 1974. If you wish to contact OGIS, you may email them at ogis@nara.gov or call 1-877-684-6448.

Due to the increasing number of FOIA requests received by this office, we may encounter some delay in processing your request.  Consistent with 6 C.F.R. § 5.5(a) of the DHS FOIA regulations, the Department processes FOIA requests according to their order of receipt.  Although DHS' goal is to respond within 20 business days of receipt of your request, FOIA does permit a 10-day extension of this time period in certain circumstances.  As your request seeks documents that will require a thorough and wide-ranging search, and as the subject matter of your request is of substantial interest to two or more components of this Department or of substantial interest to another agency, we will need to consult with those entities before we issue a final response.  DHS will invoke a 10-day extension for your request pursuant to 5 U.S.C. § 552(a)(6)(B).  If you would like to narrow the scope of your request, please contact our office.  We will make every effort to comply with your request in a timely manner.

You have requested a fee waiver.  The DHS FOIA Regulations at 6 CFR § 5.11(k)(2) set forth six factors DHS must evaluate to determine whether the applicable legal standard for a fee

waiver has been met:  (1) Whether the subject of the requested records concerns "the operations or activities of the government," (2) Whether the disclosure is "likely to contribute" to an understanding of government operations or activities, (3) Whether disclosure of the requested information will contribute to the understanding of the public at large, as opposed to the individual understanding of the requester or a narrow segment of interested persons, (4) Whether the contribution to public understanding of government operations or activities will be "significant," (5) Whether the requester has a commercial interest that would be furthered by the requested disclosure, and (6) Whether the magnitude of any identified commercial interest to the requester is sufficiently large in comparison with the public interest in disclosure, that disclosure is primarily in the commercial interest of the requester.

Upon review of the subject matter of your request, and an evaluation of the six factors identified above, DHS has determined that it will conditionally grant your request for a fee waiver.  The fee waiver determination will be based upon a sampling of the responsive documents received from the various DHS program offices as a result of the searches conducted in response to your FOIA request.  DHS will, pursuant to DHS regulations applicable to non-commercial requesters, provide two hours of search time and process the first 100 pages at no charge to you.  If upon review of these documents, DHS determines that the disclosure of the information contained in those documents does not meet the factors permitting DHS to waive the fees, then DHS will at that time either deny your request for a fee waiver entirely, or will allow for a percentage reduction in the amount of the fees corresponding to the amount of relevant material found that meets the factors allowing for a fee waiver.  In either case, DHS will promptly notify you of its final decision regarding your request for a fee waiver and provide you with the responsive records as required by applicable law.

In the event that your fee waiver is denied, and you determine that you still want the records, provisions of the FOIA allow us to recover part of the cost of complying with your request.  We shall charge you for records in accordance with the DHS Interim FOIA regulations as they apply to non-commercial requestors.  As a non-commercial requester you will be charged for any search time and duplication beyond the free two hours and 100 pages mentioned in the previous paragraph.  You will be charged 10 cents per page for duplication and search time at the per quarter-hour rate ($4.00 for clerical personnel, $7.00 for professional personnel, $10.25 for managerial personnel) of the searcher.  In the event that your fee waiver is denied, we will construe the submission of your request as an agreement to pay up to $25.00.  This office will contact you before accruing any additional fees.

Your request, as it pertains to this office, has been assigned reference number **2014-HQFO-00671**.  Please refer to this identifier in any future correspondence with this office.  If you have any questions, or would like to discuss this matter, please feel free to contact this office at 1-866-431-0486 or 202-343-1743.

Sincerely,

Linda Lasko
FOIA Program Specialist

Exhibit C

*Freedom of Information Act Office*

**U.S. Department of Homeland Security**
500 12th St SW, Stop 5009
Washington, DC 20536



**U.S. Immigration
and Customs
Enforcement**

August 08, 2014

Beth Werlin
American Immigration Council
1331 G Street NW
Washington, DC 20005

**RE:     ICE FOIA Case Number 2014-ICFO-04325**

Dear Ms. Werlin:

This acknowledges receipt of your Freedom of Information Act (FOIA) request to U.S.
Immigration and Customs Enforcement (ICE), dated July 29, 2014, and to your request for a
waiver of all assessable FOIA fees. Your request was received in this office on August 08, 2014.
Specifically, you requested disclosure of records that contain, discuss, refer or relate to policies,
regulations, practices, procedures, recommendations, and guidelines with respect to the
implementation of INA 235(b) expedited removal since June 1, 2014.

Due to the increasing number of FOIA requests received by this office, we may encounter some
delay in processing your request. Per Section 5.5(a) of the DHS FOIA regulations, 6 C.F.R. Part
5, ICE processes FOIA requests according to their order of receipt. Although ICE's goal is to
respond within 20 business days of receipt of your request, the FOIA does permit a 10- day
extension of this time period. As your request seeks numerous documents that will necessitate a
thorough and wide-ranging search, DHS will invoke a 10-day extension for your request, as
allowed by Title 5 U.S.C. § 552(a)(6)(B). If you care to narrow the scope of your request, please
contact our office. We will make every effort to comply with your request in a timely manner.

You have requested a fee waiver.  The DHS FOIA Regulations at 6 CFR § 5.11(k)(2) set forth
six factors ICE must evaluate to determine whether the applicable legal standard for a fee waiver
has been met:  (1) Whether the subject of the requested records concerns "the operations or
activities of the government," (2) Whether the disclosure is "likely to contribute" to an
understanding of government operations or activities, (3) Whether disclosure of the requested
information will contribute to the understanding of the public at large, as opposed to the
individual understanding of the requester or a narrow segment of interested persons, (4) Whether
the contribution to public understanding of government operations or activities will be
"significant," (5) Whether the requester has a commercial interest that would be furthered by the
requested disclosure, and (6) Whether the magnitude of any identified commercial interest to the
requester is sufficiently large in comparison with the public interest in disclosure, that disclosure
is primarily in the commercial interest of the requester.

Upon review of the subject matter of your request, and an evaluation of the six factors identified
above, ICE has determined that it will conditionally grant your request for a fee waiver.  The fee

waiver determination will be based upon a sampling of the responsive documents received from the various ICE program offices as a result of the searches conducted in response to your FOIA request. ICE will, pursuant to DHS regulations applicable to non-commercial requesters, process the first 100 pages. If upon review of these documents, ICE determines that the disclosure of the information contained in those documents does not meet the factors permitting ICE to waive the fees, then ICE will at that time either deny your request for a fee waiver entirely, or will allow for a percentage reduction in the amount of the fees corresponding to the amount of relevant material found that meets the factors allowing for a fee waiver. In either case, ICE will promptly notify you of its final decision regarding your request for a fee waiver and provide you with the responsive records as required by applicable law.

In the event that your fee waiver is denied, and you determine that you still want the records, provisions of the FOIA allow us to recover part of the cost of complying with your request. We shall charge you for records in accordance with the DHS Interim FOIA regulations as they apply to non-commercial requestors. As a non-commercial requester you will be charged for any search time and duplication beyond the free two hours and 100 pages mentioned in the previous paragraph. You will be charged 10 cents per page for duplication and search time at the per quarter-hour rate ($4.00 for clerical personnel, $7.00 for professional personnel, $10.25 for managerial personnel) of the searcher. In the event that your fee waiver is denied, we will construe the submission of your request as an agreement to pay up to $25.00. This office will contact you before accruing any additional fees.

ICE has queried the appropriate program offices within ICE for responsive records. If any responsive records are located, they will be reviewed for determination of releasability. Please be assured that one of the processors in our office will respond to your request as expeditiously as possible. We appreciate your patience as we proceed with your request.

Your request has been assigned reference number **2014-ICFO-04325**. Please refer to this identifier in any future correspondence. You may contact this office at (866) 633-1182. Our mailing address is 500 12th Street, S.W., Stop 5009, Washington, D.C. 20536-5009.

Sincerely,

*T. Fuss for*

Catrina M. Pavlik-Keenan
FOIA Officer

*Freedom of Information Act Office*

**U.S. Department of Homeland Security**
500 12th St SW, Stop 5009
Washington, DC 20536



**U.S. Immigration
and Customs
Enforcement**

August 08, 2014

Beth Werlin
American Immigration Council
1331 G Street NW
Washington, DC 20005

**RE:   ICE FOIA Case Number 2014-ICFO-04325**

Dear Ms. Werlin:

This acknowledges receipt of your Freedom of Information Act (FOIA) request to U.S. Immigration and Customs Enforcement (ICE), dated July 29, 2014, and to your request for expedited treatment. Your request was received in this office on August 08, 2014. Specifically, you requested disclosure of records that contain, discuss, refer or relate to policies, regulations, practices, procedures, recommendations, and guidelines with respect to the implementation of INA 235(b) expedited removal since June 1, 2014.

Your request for expedited treatment is hereby denied.

Under the DHS FOIA regulations, expedited processing of a FOIA request is warranted if the request involves "circumstances in which the lack of expedited treatment could reasonably be expected to pose an imminent threat to the life or physical safety of an individual," 6 C.F.R. § 5.5(d)(1)(i), or "an urgency to inform the public about an actual or alleged federal government activity, if made by a person primarily engaged in disseminating information," 6 C.F.R. § 5.5(d)(l)(ii). Requesters seeking expedited processing must submit a statement explaining in detail the basis for the request, and that statement must be certified by the requester to be true and correct. 6 C.F.R. § 5.5(d)(3).

Your request for expedited processing is denied because you do not qualify for either category under 6 C.F.R. § 5.5(d)(1). You failed to demonstrate a particular urgency to inform the public about the government activity involved in the request beyond the public's right to know about government activity generally. Your letter was conclusory in nature and did not present any facts to justify a grant of expedited processing under the applicable standards.

Due to the increasing number of FOIA requests received by this office, we may encounter some delay in processing your request. Per Section 5.5(a) of the DHS FOIA regulations, 6 C.F.R. Part 5, ICE processes FOIA requests according to their order of receipt. Although ICE's goal is to respond within 20 business days of receipt of your request, the FOIA does permit a 10- day extension of this time period. As your request seeks numerous documents that will necessitate a thorough and wide-ranging search, ICE will invoke a 10-day extension for your request, as

allowed by Title 5 U.S.C. § 552(a)(6)(B). If you care to narrow the scope of your request, please contact our office. We will make every effort to comply with your request in a timely manner.

Provisions of the FOIA allow us to recover part of the cost of complying with your request. We shall charge you for records in accordance with the DHS Interim FOIA regulations as they apply to non-commercial requesters. As a non-commercial requester, you will be charged 10 cents per page for duplication; the first 100 pages are free, as are the first two hours of search time, after which you will pay the per quarter-hour rate ($4.00 for clerical personnel, $7.00 for professional personnel, $10.25 for managerial personnel) of the searcher. We will construe the submission of your request as an agreement to pay up to $25.00. You will be contacted before any further fees are accrued.

If you deem the decision to deny expedited treatment of your request an adverse determination, you may exercise your appeal rights. Should you wish to do so, please send your appeal following the procedures outlined in the DHS regulations at 6 Code of Federal Regulations § 5.9 and a copy of this letter to:

> U.S. Immigration Customs Enforcement
> Office of Principal Legal Advisor
> U.S. Department of Homeland Security
> Freedom of Information Office
> 500 12th Street, S.W., Stop 5009
> Washington, D.C. 20536-5009

Your appeal must be received within 60 days of the date of this letter. Your envelope and letter should be marked "FOIA Appeal." Copies of the FOIA and DHS regulations are available at www.dhs.gov/foia.

ICE has queried the appropriate program offices within ICE for responsive records. If any responsive records are located, they will be reviewed for determination of releasability. Please be assured that one of the processors in our office will respond to your request as expeditiously as possible. We appreciate your patience as we proceed with your request.

Your request has been assigned reference number **2014-ICFO-04325**. Please refer to this identifier in any future correspondence. You may contact this office at (866) 633-1182. Our mailing address is 500 12th Street, S.W., Stop 5009, Washington, D.C. 20536-5009.

Sincerely,

*T. Fuss for*

Catrina M. Pavlik-Keenan
FOIA Officer

Exhibit D

**From:** CBPFOIA@cbp.dhs.gov [mailto:CBPFOIA@cbp.dhs.gov]
**Sent:** Tuesday, July 29, 2014 5:14 PM
**To:** Beth Werlin
**Subject:** FOIA Request CBP-2014-038899 Submitted

This message is to confirm your request submission to the FOIAonline application: <u>View Request</u>. Request information is as follows:

- Tracking Number: CBP-2014-038899
- Requester Name: Beth Werlin
- Date Submitted: 07/29/2014
- Request Status: Submitted
- Description: See attached.

# Exhibit E



U.S. Department of Homeland Security
National Records Center
P.O. Box 648010
Lee's Summit, MO  64064-8010

**U.S. Citizenship
and Immigration
Services**

August 11, 2014                                          NRC2014085478

Beth Werlin
American Immigration Council
1331 G Street NW
Washington, DC  20005

Dear Beth Werlin:

We received your request dated July 29, 2014, requesting to "disclosure of the following records[1] that were prepared, received, transmitted, collected and/or maintained by the U.S. Department of Homeland Security (DHS), the Office of Civil Rights and Civil Liberties (CRCL), U.S. Customs and Border Protection (CBP), U.S. Immigration and Customs Enforcement (ICE), and/or U.S. Citizenship and Immigration Services (USCIS)[2] that contain, discuss, refer, or relate to policies, regulations, practices, procedures, recommendations, and guidelines with respect to the implementation of INA§ 235(b) ("expedited removal") since June 1, 2014.  Such records shall include, but are not limited to, all policies, regulations, practices, procedures, recommendations and guidelines that address:

* When to apply INA§ 235(b) and related regulations to families with minor children.
* Application of 8 C.F.R. § 235.3(b)(2) to families with minor children.
* Detention of families with minor children who are potentially subject to expedited removal," the portion of your request pertaining to USCIS.

In accordance with Department of Homeland Security Regulations (6 C.F.R. § 5.4(a)), USCIS uses a "cut-off" date to delineate the scope of a FOIA request by treating records created after that date as not responsive to that request. Therefore, in determining which records are responsive to your request, we will only include records in the possession of this agency as of August 11, 2014, the date we began the search for records.

We respond to requests on a first-in, first-out basis and on a multi-track system.  Your request has been placed in the complex track (Track 2).  You may wish to narrow your request to a specific document in order to be eligible for the faster track. To do so, please send a written request, identifying the specific document sought, to the address above. We will notify you if your request is placed in the simple track.

Your fee waiver request is granted.