

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street, 3rd floor*
*New York, New York 10007*

January 28, 2015

**BY ECF**
The Honorable Lorna G. Schofield
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re: *American Immigration Council, et al. v. United States Department of Homeland Security, et al.*
No. 14 Civ. 8403 (LGS)

Dear Judge Schofield:

We write respectfully on behalf of both parties in the above-referenced action brought pursuant to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), in advance of the initial pretrial conference, which is scheduled for 10:40 a.m. on February 3, 2015. Because this is an action brought pursuant to FOIA, we understand Local Civil Rule 16.1 to exempt the parties from the requirement of a mandatory scheduling order under Fed. R. Civ. P. 16(b). Moreover, the parties respectfully suggest that the traditional case management structure set forth in the Court's template Civil Case Management Plan and Scheduling Order is not necessary in this case, because we expect that this matter, like most FOIA matters, will likely be resolved on cross-motions for summary judgment without the need for discovery; however, Plaintiffs reserve the right to seek discovery if necessary.[1] The parties provide this joint letter in accordance with the Court's Order, dated October 28, 2014. The numbered paragraphs below correspond to the numbered paragraphs in the Court's Order.

1. This is a FOIA case brought by Plaintiffs to compel Defendants to search for and produce documents responsive to a FOIA request submitted by

---

[1] One issue that the Court's Civil Case Management Plan and Scheduling Order addresses that does not relate to a schedule for discovery is whether the parties consent to conducting all further proceedings before a United States Magistrate Judge. The parties do not consent to conducting all further proceedings before a United States Magistrate Judge.

Plaintiffs on July 29, 2014 (Exhibit A to Plaintiffs' Complaint). Plaintiffs claim that Defendants constructively denied their FOIA request by failing to respond within the statutory time period for a response, even though Defendants allegedly have records responsive to Plaintiffs' request. Plaintiffs additionally claim that they are entitled to expedited processing of the FOIA request. Finally, Plaintiffs allege that Defendant Customs and Border Protection constructively denied Plaintiffs' request for a fee waiver, to which Plaintiffs were entitled. Defendants' principal defenses are that: Defendants have exercised due diligence in processing Plaintiffs' FOIA request; exceptional circumstances exist that necessitate additional time for Defendants to continue their processing of the FOIA request; Plaintiffs fail to meet the criteria for a fee waiver and expedited processing; and some or all of the documents are exempt from disclosure. Finally, Defendants have begun producing documents in response to Plaintiffs' request. The legal and factual issues most important to resolving the case will be the adequacy of Defendants' search for documents, and whether documents have lawfully been withheld or redacted by Defendants pursuant to claimed FOIA exemptions. The parties anticipate that these issues will be resolved on cross-motions for summary judgment

2. The Court has jurisdiction pursuant to 5 U.S.C. §§ 552(a)(4)(B) and (a)(6)(E)(iii) and 28 U.S.C. § 1331. Venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e)(1)(C) because one of the Plaintiffs, the American Civil Liberties Union, has its principal place of business within this District.

3. As discussed further below, the parties are currently negotiating to establish an agreed upon schedule for the production of documents, and are hopeful that an agreement can be reached in advance of the pretrial conference. Provided that an agreement can be reached, Plaintiffs do not anticipate filing any motions or other applications at this time. If an agreement cannot be reached, Plaintiffs intend to file a motion to compel production of documents pursuant to FOIA. There are no pending motions at this time.

4. No discovery has taken place.

5. Damages are inapplicable in this case.

6. No settlement discussions have taken place. However, the Parties have engaged in a number of discussions in an effort to reach an agreed upon production schedule for the requested documents and are close to reaching agreement. If agreement is reached, the parties will present that agreement to the Court at the time of the initial pretrial conference. Once production of documents is complete, the parties will work diligently to resolve any disputes over claimed FOIA exemptions before bringing any

motion to the Court. In addition, the parties have agreed that Defendants will, initially, limit the search for responsive documents to Defendants' headquarters and the following regional offices: El Paso, San Antonio, Philadelphia and Phoenix. Following the review of documents located by these regional offices, Defendants will search for responsive documents in the remaining regional offices.

We thank the Court for its consideration of this matter.

Respectfully submitted,

PREET BHARARA
United States Attorney

By: */s/ Jacob M. Bergman*

JACOB M. BERGMAN
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, NY 10007
Tel.: (212) 637-2776
Fax: (212) 637-2686
jacob.bergman@usdoj.gov